Argued February 8, affirmed March 1, rehearing denied March 29, 1927.

## MERIDIANAL COMPANY *v.* GEORGE F. MOECK, JR.

(253 Pac. 525.)

**Account Stated—Complaint Alleging That Plaintiff's Assignor Rendered and Delivered Account Stated to Defendant, Who Assented Thereto but had Never Paid, Held Sufficient.**

1. In action on account stated by assignee, complaint alleging that assignor rendered and delivered such account stated to defendant, who assented thereto, and that defendant subsequently assented again in writing after demand for payment, but that he had not paid, *held* sufficient, after defendant had answered over, and after verdict and judgment for plaintiff.

**Account Stated—In Action on Account Stated, It is Unnecessary to Prove Items of Account.**

2. In action on account stated, it is not necessary to prove items of account, since original account became consideration for the agreement, and account as stated was in nature of new promise.

**Account Stated—Account Stated, Assented to, is Equivalent to Original Express Promise to Pay.**

3. Account stated, when assented to, becomes original demand, and is equivalent to express promise to pay.

---

2.   See 1 R. C. L. 220.
3.   See 1 R. C. L. 212.

Account Stated—Complaint on Account Stated, Alleging Enough
    Facts to Support Promise to Pay Account Implied by Law, is
    Sufficient.

4.  In action on account stated, complaint is sufficient which al-
leged enough facts to support promise to pay account implied by
law.

Limitation of Actions—Generally Limitation Bar is Removable by
    Unconditional Promise to Pay, Acknowledgment Implying
    Promise to Pay, or Conditional Promise With Condition Per-
    formed.

5.  General rule is that particular case may be removed from bar
of statute of limitations by unconditional promise to pay debt,
acknowledgment of debt from which promise to pay is to be im-
plied, or conditional promise to pay debt, accompanied by sufficient
showing that consideration on which promise is made to depend has
been performed.

Limitation of Actions—Statute of Limitations Begins to Run Against
    Account Stated on Day Following Agreement (Or. L., § 6).

6.  Statute of limitations, Section 6, Or. L., begins to run as
against account stated on day following agreement.

Limitation of Actions—Moral Obligation to Pay Debt is Sufficient
    Consideration for Unequivocal New Promise in Writing to Pay,
    Even After Bar of Limitation is Complete.

7.  Moral obligation to pay valid debt or account is sufficient
consideration for subsequent new promise in writing to pay it,
made either before or after bar of statute of limitations is com-
plete, but writing must recognize existing debt and contain nothing
inconsistent with debtor's intention to pay.

Limitation of Actions—Consideration Need not be Expressed in
    Debtor's Written Acknowledgment of Debt to Remove Bar of
    Limitation (Or. L., § 24).

8.  It is not essential, under Section 24, Or. L., that consideration
be expressed in written acknowledgment of debt signed by debtor,
in order to take case out of statute of limitations.

Limitation of Actions—Whether Defendant Acknowledged Account
    Stated in Writing and Promised to Pay It so as to Remove Bar
    of Limitation Held for Jury.

9.  Evidence *held* to take to jury question whether defendant
acknowledged account stated in writing and promised to pay it, so
as to remove bar of limitation, where he wrote letters to attorney
promising to "take care of this."

Appeal and Error—In Action on Account Stated, Testimony as to
    Mailing Statements by Witness Supervising Creditor's Clerical
    Work, if Error, Held Harmless, Where Bookkeeper Testified
    That She Mailed Them to Defendant.

10.  In action on account stated, admission of evidence of credi-
tor's custom of mailing out statements of accounts, given by witness

5.  See 17 R. C. L. 897.

who superintended much of clerical work, if error, *held* harmless, where bookkeeper was afterward called and testified that she mailed statements to defendant.

Accounts and Accounting, 1 C. J., p. 691, n. 1, p. 723, n. 96, n. 11, p. 728, n. 94, p. 729, n. 99.
    Appeal and Error, 4 C. J., p. 975, n. 88.
    Limitation of Actions, 37 C. J., p. 771, n. 7, p. 1096, n. 23, p. 1099, n. 73, p. 1125, n. 50, 52.

From Columbia: J. A. EAKIN, Judge.

Department 2.

This is an action upon an account stated. The cause was tried to the court and a jury and a verdict rendered in favor of plaintiff. From a resulting judgment defendant appeals.

AFFIRMED. REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. G. E. Hamaker.*

For respondent there was a brief and oral argument by *Mr. Robert C. Wright.*

BEAN, J.—The plaintiff alleges in addition to its corporate character, in substance, that the defendants, George F. Moeck, Jr., and one Fred Trow, had transactions with each other relating to the purchase by the defendant of goods and merchandise from Trow, and about January 1, 1919, said Fred Trow rendered and delivered to defendant an account stated, covering said transactions, wherein and whereby said Trow stated and exhibited a demand of and upon the defendant for a balance of $594.64, then and there fixed as due and payable by defendant to said Trow.

The defendant assented to said account stated as correct, and agreed to pay the said balance to said Trow about the 1st of January, 1919. The defendant

also assented in writing to said account, stated in the sum mentioned as being correct, about April 15, 1922, and June 3d, 1922, after demand upon him for payment thereof, and promised to pay the same.

That said Fred Trow died February 12, 1921, and after due probate and final settlement of his estate, the account stated and right of action thereon became in due course the property of Alice V. Trow, his widow, as heir and devisee. Before commencement of this action said Alice V. Trow assigned said account and right of action to plaintiff; that no part thereof has been paid.

The defendant first moved to make the complaint more definite and certain, and upon the motion being denied, demurred to the complaint upon the grounds, among others, that it did not state facts sufficient to constitute a cause of action; that said action stated in the complaint had not been commenced within the time limited by law. The court overruled the demurrer and the defendant answered denying the substance of the complaint and further alleged, "that said action has not been commenced within six years, the time limited by law,' * * and that said purported cause of action stated in said amended complaint is barred by the provisions of Section 6, Olson's Oregon Laws." The new matter of the answer was put in issue by a reply.

At the close of the testimony, on behalf of the plaintiff, the defendant moved for a nonsuit and assigns the refusal to grant the same as error. The testimony, on behalf of plaintiff, tended to show that about January 1, 1919, Fred Trow, by his clerk and bookkeeper duly forwarded by mail to defendant George F. Moeck, Jr., a statement of the balance of his account of $594.64, and that thereafter other state-

ments of the same matter were forwarded to the defendant in the same manner; that the defendant never objected or questioned the account and thereby assented to the same. That April 15, 1922, the defendant wrote a letter to the attorney who had the account stated in charge in answer to a letter in which the defendant stated: "I know there is due the Trow estate $594.64 and can only say I will do my best to take care of this as soon as possible." This letter was signed by defendant and received by the attorney. The jury was warranted in concluding that the words "take care of this," in the letter, meant that defendant would pay the account.

Apparently during the same year, the date not being proved, the defendant wrote a letter to the same attorney in reply to one received by defendant stating that he would do all he could to square the bill as soon as he could. The defendant in support of the demurrer to the complaint, invoked the rule laid down in the case of *Foste* v. *Standard etc. Ins. Co.*, 26 Or. 449, 452 (38 Pac. 617), where the court said:

"The material allegations in an action on an account stated, are: (1) that plaintiff and defendant came to an accounting together. (2) That on such accounting defendant was found indebted to the plaintiff in a specified sum, (3) which defendant promised to pay, (4) and has not paid."

1. Tested by this rule, although the complaint is in a different language, we think that in substance it conforms thereto, and that after the defendant has answered over, and after verdict and judgment, the complaint should be held to be sufficient.

It appears from the testimony that in 1917 there was a payment upon the account by defendant of $24

made to Fred Trow.  That thereafter, on or about January 1, 1919, the account was stated.

The defendant seeks to maintain that the statute of limitations commenced to run before the last date mentioned, claiming there was an account stated prior to that time.  The statements in regard to the account made prior to the date mentioned were a different account.  The record does not show that the account in question became stated until within a reasonable time after—about January 1, 1919.

2, 3.  Fred Trow rendered an account to the defendant George F. Moeck, Jr., of the balance that was due to Trow from Moeck for goods and merchandise. The defendant failed to object thereto and by implication of law assented to the account as stated.  It was then in the nature of a new promise, but the consideration of the promise was the stating of the account.  The original account became the consideration for the agreement and it was not necessary to prove the items of such account.  The account stated is founded upon the defendant's consent or assent to the balance stated.  Such agreed statement becomes an original demand and is equivalent to an express promise to pay the actual sum stated which Trow the creditor became entitled to recover: *Holmes* v. *Page,* 19 Or. 233 (23 Pac. 961); *Fleischner* v. *Kubli,* 20 Or. 338, 339 (25 Pac. 1086); *Crawford* v. *Hutchinson,* 38 Or. 578, 581 (65 Pac. 84).

4.  A complaint is sufficient which alleges enough facts to support a promise to pay the account implied by law: *Steinmetz* v. *Grennon,* 106 Or. 625, 636 (212 Pac. 532).  In the latter case, at page 636 of 106 Or., Mr. Justice HARRIS records the following language:

"The rule of the common law required an allegation that the defendant promised to pay, but under

the modern rule, or at any rate under the more logical rule, a complaint is sufficient if it alleges enough facts to support a promise implied by law, for legal conclusions need not be alleged.'' (Citing several authorities.)

5, 6. It is the general rule in the United States and also in England, that a particular case may be removed from the bar of the statute of limitations by, and for such purpose there must be, either: (1) An unconditional promise to pay the debt. (2) An acknowledgment of the debt from which a promise to pay is to be implied. (3) A conditional promise to pay the debt, which is accompanied by a sufficient showing that the condition upon which the promise is made to depend has been performed. There are, however, special statutory provisions: 37 C. J., § 563, p. 1096. The statute of limitations begins to run, as against an account stated, on the day following the agreement: 37 C. J. 771, § 106.

Our statute provides that actions shall only be commenced—

''§ 6. Within Six Years,—(1) An action upon a contract or liability, express or implied, excepting those mentioned in section 5.''

7. The moral obligation to pay a valid debt or account is a sufficient consideration for a subsequent new promise in writing to pay it, made either before or after the bar of the statute is complete, and the new promise, based upon such moral obligation, is binding upon the debtor and may be shown in avoidance of the bar of the statute of limitations: 37 C. J., § 569, p. 1099; *Marshall* v. *Marshall,* 98 Or. 500 (194 Pac. 425); *Davis* v. *Davis,* 20 Or. 84 (25 Pac. 140). The writing in order to constitute an acknowledgment must recognize an existing debt, and contain nothing

inconsistent with an intention on the part of the debtor to pay it: 37 C. J., § 604.

8, 9. Section 24, Or. L., provides:

"No acknowledgment or promise shall be sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby; but this section shall not alter the effect of any payment of principal or interest."

It is not essential under this section that in a written acknowledgment signed by the debtor the consideration be expressed in order to take the case out of the statute. The jury might well conclude from the testimony that Moeck acknowledged the account in writing and promised to pay it. There was no error in refusing to grant a nonsuit.

The learned trial judge plainly instructed the jury fully along the lines herein briefly referred to, and we think the charge was proper and sufficient. The defendant requested proper instructions as to the running of the statute of limitations, provided the facts in the case had warranted the same. Under the testimony in the case it was not error to refuse such requests.

10. The defendant complains that Mrs. Woods, as a witness for plaintiff, was permitted over the objections of defendant to testify as to the custom of Trow in mailing out statements of accounts. The witness was present and superintended much of such clerical work; however, the bookkeeper, Mrs. Brough, was afterward called as a witness and testified that she actually mailed the statements to defendant, so that the defendant has no cause for claiming a want of evidence in this request.

Finding no error in the record, the judgment of the trial court is affirmed.

AFFIRMED. REHEARING DENIED.

BURNETT, C. J., and McBRIDE and BROWN, JJ., concur.