## IDEAL BUILDERS HARDWARE COMPANY, Appellant,

v.

## CROSS CONSTRUCTION CO., INC., Appellee.

No. 16001.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 28, 1972.

Rehearing Denied Feb. 15, 1973.

Ross, Banks, May, Cron & Cavin, Daniel H. Johnston, Jr., Paul Rick Oshman, Houston, for appellant.

Reynolds, White, Allen & Cook, Mark W. White, Jr., Houston, for appellee.

PEDEN, Justice.

Does the Texas Business and Commerce Code lengthen to four years the statute of limitations for commencing a suit on an open account? We hold that it does.

Article 5526, Vernon's Texas Civil Statutes, provides "There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

" . . . .

"5. Actions upon stated or open accounts, . . ."

Section 2.725, Texas Business and Commerce Code, V.T.C.A., provides in part:

"(a) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . ."

Sec. 2.102 of the Code states that unless the context otherwise requires, the sales

chapter of the Code applies to transactions in goods.

Sec. 2.106 defines a contract for sale to include a present sale of goods.

The purposes of Title 1 of the Code (which includes sales) are set out in Sec. 1.102 of the Code:

"(a) This title shall be liberally construed and applied to promote its underlying purposes and policies.

"(b) Underlying purposes and policies of this title are

(1) to simplify, clarify and modernize the law governing commercial transactions;

(2) to permit the continued expansion of commercial practices through custom, usage and agreement of the parties;

"(3) to make uniform the law among the various jurisdictions.

"  .   .   .  "

None of the provisions of Art. 5526 were expressly repealed by the Texas Uniform Commercial Code when it was adopted, effective June 30, 1966, but it provided in Section 10–103, with certain exceptions not material here, that "  .   .   .   all acts or parts of acts inconsistent with this Act are hereby repealed."

The Official Comment prepared by the Conference of Commissioners on Uniform State Laws and the American Law Institute on Sec. 2–725 of the Uniform Commercial Code states:

"Purposes: To introduce a uniform statute of limitations for sales contracts, thus eliminating the jurisdictional variations and providing needed relief for concerns doing business on a nationwide scale whose contracts have heretofore been governed by several different periods of limitation depending upon the state in which the transaction occurred.

This Article takes sales contracts out of the general laws limiting the time for commencing contractual actions and selects a four year period as the most appropriate to modern business practice. This is within the normal commercial record keeping period.  .   .   .  "

It was stated in an article by Vernon O. Teofan in 23 Southwestern Law Journal 88 (1969):

"It appears that the Statute of Limitations on actions for the purchase price of goods, wares, merchandise and materials sold on open account has been lengthened from two to four years by the Uniform Commercial Code, which provides that an action for breach of any contract for sale of 'goods' must be commenced within four years after the cause of action has accrued.  .   .   .  "

And Professor Frederic K. Spies wrote in 44 Texas Law Review 638 (1966):

"The statute of limitation in contracts for sale appears in section 2–725, which provides: 'An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.  .   .   .  ' This section follows the existing statute of limitation applying to written contracts, but it alters the two-year statute as to oral contracts in Texas."

At 51 Tex.Jur.2d (Rev. Part 1) 23, Sales § 284 it is stated:

"The Uniform Commercial Code supersedes the two-year and four-year statutes of limitations dealing, respectively, with oral and written contracts, and substitutes a 4-year period. An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued.  .   .   .  "

This is a case of first impression in Texas. The Uniform Commercial Code was not in effect in Texas in November, 1964, when suit was brought in Certain-

**230**

Teed Products Corp. v. Bell, 422 S.W.2d 719 (Tex.1968), so the limitation provisions of the Code could not have been considered. The applicability of such provisions does not appear to have been raised in Fuqua v. Moody & Clary Co., 462 S.W.2d 321 (Tex.Civ.App.1970, no writ), in Kerr-McGee Chemical Corp. v. Harris, 442 F.2d 1109 (5th Cir. 1971) or in Jackson v. Paulsel Lumber Co., 461 S.W.2d 161 (Tex.Civ.App.1970, writ ref. n. r. e.).

Both Sec. 2.725, T.B. & C.C., and Sec. 5 of Art. 5526, V.T.C.S., are directed at the heavy volume of oral sales transactions, the sales on open account. We conclude that in adopting the Texas Business and Commerce Code our Legislature intended to "simplify, clarify and modernize the law governing commercial transactions," and we hold that the four-year limitations period should be applied to the facts in this case.

Both parties to this suit filed motions for summary judgment. The appellant's pleadings of an itemized, verified account for merchandise sold met the requirements of Rule 185, Texas Rules of Civil Procedure. Appellee filed a general denial and pleaded that the account was barred by the two-year statute of limitations. The parties have stipulated that the amount of a reasonable attorney's fee would be $100. Suit was for $356.72 plus interest at 6% from Jan. 1, 1969. The only dispute between the parties was the law question of the length of the limitation period.

Since this was an appeal from an order granting one motion for summary judgment and overruling another, we are authorized to determine whether the trial court erred in overruling the appellant's motion for summary judgment and to correct such error, if any we find. Edwards v. State, 406 S.W.2d 537 (Tex.Civ.App., writ ref.).

The judgment of the trial court is reversed and rendered that appellant recover from appellee as prayed for including an attorney's fee of $100.