**W. W. PRICE LUMBER COMPANY,**
**Appellant,**

**v.**

**James W. COOK, Appellee.**

**No. 4627.**

Court of Civil Appeals of Texas, Eastland.

June 29, 1973.

**506**

W. W. Price, Jr., Olney, for appellant.

Joe Williams, Throckmorton, for appellee.

RALEIGH BROWN, Justice.

Appealed from the 39th District Court of Throckmorton County.

W. W. Price Lumber Company sued J. W. Cook in the County Court of Young County on a sworn account under Rule 185, Texas Rules of Civil Procedure to recover the price for building materials sold to Cook. The suit was transferred to the County Court of Throckmorton County on a plea of privilege. A take nothing judgment was entered after a trial without a jury. Price Lumber Company appeals.

The conclusion of law as made by the trial court was to the effect that Article 5526 of Vernon's Ann.Texas Civil Statutes was applicable. The statute provides "there shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description. . . . (5). Actions upon stated or open accounts. . . . "

Price Lumber Company contends such conclusion was error. We agree.

The Houston Court of Civil Appeals in Ideal Builders Hardware Company v. Cross Construction Co., Inc., 491 S.W.2d 228 (Tex.Civ.App.—Houston (1st Dist.) 1972, no writ history), recently had before it the same question. The Court stated:

" . . . We conclude that in adopting the Texas Business and Commerce Code our Legislature intended to 'simplify, clarify and modernize the law governing commercial transactions,' and we hold that the four-year limitations period should be applied to the facts in this case."

The judgment of the trial court is reversed and this cause is remanded.