**Donald G. WILSON, Appellant,**

v.

**BROWNING ARMS COMPANY, Appellee.**

No. 882.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 14, 1973.

Rehearing Denied Dec. 5, 1973.

Robert J. Thweatt, Hofheinz & Harpold, Houston, for appellant.

William A. Petersen, Jr., Jon D. Totz, Lapin, Totz & Mayer, Houston, for appellee.

TUNKS, Chief Justice.

The appellee, Browning Arms Company, filed suit in the district court on a sworn account. Its petition was duly verified in accord with the provisions of Texas Rules of Civil Procedure 185. All of the items of the account were sold more than two years and less than four years before February 2, 1973, the date the suit was filed. The appellant-defendant, Donald G. Wil-

son, filed an unsworn answer consisting of a general denial and a plea of the two-year statute of limitations. Browning thereupon filed a motion for summary judgment. That motion for summary judgment was not supported by affidavit or other summary judgment evidence aside from the pleadings. The summary judgment evidence filed by Wilson established the facts upon which he based his plea of the two-year statute of limitations. The trial court granted Browning's motion for summary judgment. Wilson has appealed stating two points of error. First, he states that the trial court erred in granting Browning's motion for summary judgment for the reason that there was no summary judgment evidence supporting the motion —it depended solely on the pleadings for support. Second, he contends that his plea of the two-year statute of limitations, supported by summary judgment evidence, precluded the granting of the motion in favor of Browning. Those points of error are overruled, and the trial court's summary judgment for Browning is affirmed.

In Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex.Sup. 1971), the Court held that pleadings, even if sworn to, do not ordinarily constitute summary judgment evidence. However, the Court qualified that holding by a footnote-comment saying:

> "We are not to be understood as holding that summary judgment may not be rendered, when authorized, on the pleadings, as, for example, when suit is on a sworn account under Rule 185, Texas Rules of Civil Procedure, and the account is not denied under oath as therein provided or when the plaintiff's petition fails to state a legal claim or cause of action. In such cases summary judgment does not rest on proof supplied by pleading, sworn or

unsworn, but on deficiencies in the opposing pleading. See 22 Texas L.Rev. 433, 439–440; 30 Texas L.Rev. 285. 297." 462 S.W.2d at 543 n. 1.

■ Tex.R.Civ.P. 185 provides that in a suit on a sworn account plaintiff's petition, properly verified, "shall be taken as prima facie evidence thereof." Such rule also provides that unless the defendant files a written denial, denying the plaintiff's allegations under oath, in the form provided, the defendant shall not be permitted to deny the plaintiff's claim.

It is upon that authority that we overrule appellant's first point of error.

■ The appellant, Wilson, in support of his second point of error, points out that Vernon's Tex.Rev.Civ.Stat.Ann. art. 5526(5) (1958) provides that actions upon open or stated accounts shall be commenced and prosecuted within two years and not thereafter. That statute was the controlling limitation statute on such suits before June 30, 1966, when the Texas Business and Commerce Code became effective. Tex.Bus. & Comm.Code Ann. sec. 2.725(a) (1968), V.T.C.A., provides in part that, "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." In Ideal Builders Hardware Co. v. Cross Const. Co., Inc., 491 S.W.2d 228 (Tex.Civ.App.—Houston (1st Dist.) 1972, no writ) the Court held in a well documented opinion that since June 30, 1966, the four-year statute of limitations provided for in Tex.Bus. & Comm.Code Ann. sec. 2.725 should be applied to suits on sworn accounts. Upon that authority appellant's second point of error is overruled.

Affirmed.