James W. SESOW, d/b/a James Sesow Auto Paint & Supply Co., Appellant,

v.

Sam SWEARINGEN, d/b/a Coach Craft Auto Body, Appellee.

No. 48392.

Supreme Court of Oklahoma.

July 20, 1976.

Martin, Logan, Moyers, Martin & Conway by Steven A. Stecher, Tulsa, for appellant.

Harlton & Klenda by Bruce H. Harlton, Jr., Tulsa, for appellee.

HODGES, Vice Chief Justice.

In this case of first impression, the question presented on appeal is whether 12A O.S.1971 § 2–725(1)[1] supersedes 12 O.S. 1971 § 95(2)[2] as the applicable statute of limitations in actions to recover on an open account based on a verbal contract.

An action was brought on December 5, 1975, by James W. Sesow, d/b/a James Sesow Auto Paint & Supply Co., appellant, against Sam Swearingen, d/b/a Coach Craft Auto Body, appellee, for the price of certain goods, wares, and merchandise sold and delivered to appellee on open account. It is agreed by the parties that the purchases were incurred more than three, but less than five years prior to the filing of the action. The trial court sustained appellee's demurrer to appellant's petition upon the grounds the action was barred by the three year statute of limitations, 12 O. S.1971 § 95(2). An amended petition was filed alleging breach of an oral contract for the sale of goods based upon the Oklahoma Uniform Commercial Code (UCC) which provides for a five year statute of limitations. The trial court again sustained appellee's general demurrer holding the action was barred by the statute of limitations.

Does the Oklahoma Uniform Commercial Code lengthen the statute of limitations for commencing suit on an open account established by the sale of goods, wares, merchandise or materials to five years? We believe it does.

Although none of the provisions of 12 O.S.1971 § 95 were expressly repealed by the adoption of the UCC, all inconsistent acts and parts of acts were repealed.[3] It is the duty of this court to reconcile different provisions of the statutes to make them consistent and harmonious and give sensible and intelligent effect to each.[4] In instances where there is an irreconcilable conflict, 75 O.S.1971 § 22 provides the last enactment controls.[5] The UCC became effective at midnight on December 31, 1962, and is applicable to all transactions entered into after that date.[6] The Oklahoma Code Comments were not adopted as a part of the statutes. However, they were prepared as an aid in statutory interpretation and construction. The Comment clearly states the adoption of 12A O.S.1971 § 2–725 changed the Oklahoma law, and that 12 O. S.1971 § 95 was superseded to the extent it is inconsistent with 12A O.S.1971 § 2–725.

This identical question was considered by the Texas court in *Ideal Builders Hardware Co. v. Cross Construction Co.,* 491 S. W.2d 228 (Tex.Civ.App.1973).[7] Texas has the same UCC provision as Oklahoma, with the exception Texas adopted the

---

1. The Statute of Limitations applicable to sales under the Uniform Commercial Code, 12A O.S.1971 § 2–725(1) provides:

   An action for breach of any contract for sale must be commenced within five years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

2. The general statute of limitations, 12 O.S. 1971 § 95(2) provides:

   Civil actions other than for the recovery of. real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

   (Second.) Within three (3) years: An action upon a contract express or implied not in writing; an action upon a liability created by statute other than a forfeiture or penalty; and an action on a foreign judgment.

3. 12A O.S.1971 § 10–102.

4. *In re Farmers State Bank of Ames,* 181 Okl. 474, 74 P.2d 1166 (1938).

5. The statute concerning conflicting statutory provisions, 75 O.S.1971 § 22 stipulates:

   If the provisions of any code, title, chapter or article conflict with or contravene the provisions of any former code, title, chapter or article, the provisions of the latter code, title, chapter or article must prevail as to all matter and questions arising thereunder out of the same subject matter.

6. 12A O.S.1971 § 10–101.

7. See also *Big D Service Co. v. Climatrol Industries, Inc.,* 514 S.W.2d 148 (Tex.Civ. App.1974); *Wilson v. Browning Arms Co.,* 501 S.W.2d 705 (Tex.Civ.App.1973).

Model Act's four year limitation period, rather than the five year limitation adopted in this state. The Texas court held the statute of limitations on actions for the purchase price of goods, wares, merchandise, and materials sold on open account was lengthened by the adoption of the UCC and that one limitation period in actions based on breach of contract for sale existed regardless of whether the contract was verbal or written. This holding is in conformity with the intent of the Model Act.[8]

█ A "sale" consists in the passing of title from the seller to the buyer for a price.[9] The UCC provides unless the context otherwise requires, the sales chapter of the UCC applies to transactions in goods.[10] The UCC is to be liberally construed and applied to promote its underlying purposes and policies including the simplification, clarification and modernization of the law governing commercial transactions.[11] After the adoption of the UCC, the five year statute of limitations became applicable to open accounts. The provisions of 12A O.S.1971 § 2–725 removed sales contracts from the general laws limiting the time for commencement of contract actions. We, therefore, hold the adoption of the UCC superseded the pre-existing statute and abrogated the distinctions insofar as the statute of limitations is concerned based on whether the contract was verbal or written on sales contracts.

REVERSED AND REMANDED.

All Justices concur.

8. The official comment on § 2–725 of the UCC prepared by the Conference of Commissioners on Uniform State Laws and the American Law Institute states in pertinent part:

"Purposes: To introduce a uniform state of limitations for sales contracts, thus eliminating the jurisdictional variations and providing needed relief for concerns doing business on a nationwide scale whose contracts have heretofore been governed by several different periods of limitation depending upon the state in which the transaction occurred. This Article takes sales contracts out of the general laws limiting the time for commencing contractual actions. . . ."

9. 12A O.S.1971 § 2–106(1).

10. 12A O.S.1971 § 2–102.

11. 12A O.S.1971 § 1–102(2)(a).