W. C. (Bill) SHEAD, Appellant,

v.

Dorothy GRISSETT, Appellee.

No. 17099.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

April 6, 1978.

Rehearing Denied May 4, 1978.

W. C. Shead, Houston, for appellant.

Marcus E. Faubion, Houston, for appellee.

EVANS, Justice.

The sole question in this case is whether the summary judgment proof shows, as a matter of law, that the plaintiff's cause of action for attorney's fees is barred by the two year statute of limitation. Article 5526, Tex.Rev.Civ.Stat.Ann.

The plaintiff brought this action on August 23, 1977. He alleged in his sworn petition that he had rendered personal services on behalf of the defendant and he attached to his petition a statement dated June 24, 1975, for legal services "rendered" on defendant's behalf in a divorce action, showing a balance due of $670.20. The defendant filed a plea in bar, alleging the action was barred by the two year statute of limitations, and also filed a sworn denial. The defendant then filed a motion for summary judgment based upon the bar of limitations, which motion the trial court sustained. The plaintiff brings this appeal from that order.

The defendant's motion for summary judgment raised the issue of whether

the pleadings alone show, as a matter of law, that the plaintiff's cause of action is barred by the statute of limitation. *Uniroyal, Inc. v. Vega,* 455 S.W.2d 783 (Tex.Civ. App.—San Antonio 1970, no writ); *Jenkins v. Kimbro,* 380 S.W.2d 189 (Tex.Civ.App.— Austin 1964, writ dism'd). Contrary to the plaintiff's contention, it is unnecessary that the motion for summary judgment be verified. *Stafford v. Smith,* 458 S.W.2d 217, 221 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ); 4 McDonald, Texas Civil Practice, Vol. 4, section 17.26.5, page 142 (1971).

In his opposition to the defendant's motion for summary judgment, the plaintiff alleged that he had represented the defendant in a divorce action, that there were written instruments signed and sworn to by the defendant which showed that she had employed him to represent her, and that his suit for attorney's fees was, therefore, an action for debt founded upon a contract in writing and governed by the four year statute of limitations. Article 5527, Tex.Rev. Civ.Stat.Ann. In a supplemental pleading, the plaintiff attached a certified copy of the original petition which had been filed in the divorce proceeding. This instrument bears the defendant's signature and contains the following recitation:

"ATTORNEY'S FEES

Petitioner states that it was necessary to secure the services of W. C. (BILL) SHEAD a practicing attorney of Harris County, Texas, to preserve and protect Petitioner's rights and Respondent should be ordered to pay a reasonable attorney's fee and judgment should be rendered in favor of this attorney and against said Respondent."

■ The test to be applied in determining whether an instrument constitutes a contract in writing within the meaning of the statute is whether the instrument itself contains "a contract to do the thing for the nonperformance of which the action is brought". *Cowart v. Russell,* 135 Tex. 562, 144 S.W.2d 249 (1940). The instrument need not contain an express promise to do all the things for the non-performance of which the action is brought, but it must be shown that the obligation "grows out of the written instrument, not remotely, but immediately" or that the written instrument acknowledges a state of facts "from which, by fair implication, the obligation or liability arises". *International Printing Pressmen and Assistants' Union v. Smith,* 145 Tex. 399, 198 S.W.2d 729, 736 (1946).

■ A contract which rests, at least in major part, upon parol evidence must be construed as an oral contract insofar as determining the applicability of the statute of limitations. *Teneha Oil Co. v. Blount,* 368 S.W.2d 655 (Tex.Civ.App.—Beaumont 1963, no writ). The written instrument relied upon by the plaintiff represents, at most, an acknowledgment by the defendant of a prior employment agreement. It contains no promise by the defendant to pay the plaintiff for legal services rendered, and its obvious purpose is to require the defendant's former husband to pay the plaintiff's fees. It cannot be said to constitute "a contract to do the thing for the nonperformance of which the action is brought."

■ The four year statute of limitations now applies to suits on sworn accounts. *Ideal Builders Hardware Co. v. Cross Construction Co.,* 491 S.W.2d 228 (Tex.Civ.App. —Houston [1st Dist.] 1972, no writ); *Wilson v. Browning Arms Co.,* 501 S.W.2d 705 (Tex. Civ.App.—Houston [14th Dist.] 1973, writ ref'd). However, this statute is applicable to the sale of goods, not to contracts for the furnishing of services. *Potts v. W. Q. Richards Memorial Hospital,* 558 S.W.2d 939, 946 (Tex.Civ.App.—Amarillo 1977, no writ). Thus, the four year limitation period of Section 2.725, Tex.Bus. & Comm.Code Ann., is inapplicable to the facts of the case at bar.

In an unsworn pleading entitled Second Supplemental Opposition to Motion for Summary Judgment, the plaintiff alleged that he had good reason to believe and did believe that the defendant "was physically outside the territorial limits of the State of Texas for such time as would have tolled the two year statute of limitations as involved in the facts of this case", and that

"the defendant had not negatived the tolling of the two year statute as contemplated by Article 5537, V.T.C.S." The plaintiff contends that the summary judgment was erroneously granted because this pleading raised the issue of whether the defendant was out of the state for a sufficient time to toll the statute of limitations.

When a summary judgment is sought on the basis that the statute of limitations has run, the movant must conclusively establish the bar of limitations, and where the non-movant interposes a suspension statute such as Article 5537, the burden is upon the movant to negate the applicability of that issue. *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889 (Tex.1975); *Oram v. General American Oil Co.,* 513 S.W.2d 533, 534 (Tex.1974).

In the case at bar, the defendant failed to offer competent summary judgment proof showing the inapplicability of Article 5537, and thus failed to meet its burden of establishing, as a matter of law, that the plaintiff's cause of action was barred by the statute of limitations.

The judgment of the trial court is reversed and the cause is remanded.