Argued and submitted January 17, reversed and remanded with instructions
September 10, reconsideration denied October 17, petition for review denied
November 4, 1986 (302 Or 194)

CROSBY PAINT CORPORATION,
*Respondent,*

*v.*

BI-MART COMPANY,
*Appellant.*

(151,184; CA A35443)

724 P2d 937

Thomas M. Christ, Eugene, argued the cause for appellant. With him on the briefs were Robert L. Shaw and Luvaas, Cobb, Richards and Fraser, P.C., Eugene.

Thomas B. Brand, Eugene, argued the cause for

respondent. With him on the brief was Brand & Larson, Eugene.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals from a judgment for plaintiff in the amount of $29,974.01 plus prejudgment interest. Plaintiff's claims were (1) for "goods sold and delivered" and (2) on an "account stated." Defendant argues that plaintiff did not produce evidence sufficient to support either of its claims. We agree and reverse.

For approximately ten years, ending in 1983, plaintiff manufactured paint and sold it to defendant. The parties had a "private label" arrangement by which defendant had an exclusive right to sell the paint, which carried the "Manning-Mitchell Paint Company" label. Plaintiff also supplied defendant with "support materials," including stirring paddles, color cards, color chip racks, banners and labels. Generally, defendant did not resell support materials; it just used them to promote paint sales under that label.

The parties had no written agreement concerning the paint sales. Defendant, with the assistance of plaintiff's sales representatives, would order paint and the support materials as needed and pick them up from plaintiff's plant at Chico, California. Plaintiff would then bill defendant for the paint. Plaintiff did not bill defendant separately for the support materials - their cost was included in the price of the paint.

On August 24, 1983, representatives from both parties met, and defendant informed plaintiff that it was going to change to another paint supplier. Plaintiff agreed to continue to supply paint to defendant through October, and defendant agreed to purchase plaintiff's remaining paint inventory. Plaintiff claims that defendant also agreed to purchase the support materials that plaintiff had on hand. Defendant claims that it did not agree to buy the support materials, except to the extent that it offered to buy the paint, which usually came with support materials. There was no proof that the parties specifically agreed on a price for the support materials.

Over the next several months, the dispute over the support materials crystallized in a series of telephone conversations and letter exchanges between representatives of the parties. Although defendant picked up plaintiff's remaining inventory of paint at Chico, it refused to accept any support

materials after the August 24 meeting. On February 3, 1984, plaintiff sent defendant a bill for $30,165 for the support materials. The parties' attempts to resolve the dispute failed, and plaintiff subsequently brought this action. The court heard the case without a jury and made a general finding for plaintiff. Because the court did not indicate on which claim it found for plaintiff, we must consider both.

In the first three assignments, defendant raises the issue of the sufficiency of the evidence. The first assignment is that the court erred in finding for plaintiff; the second is that the court erred in denying defendant's motion for dismissal at the close of plaintiff's case; and the third is that the court erred in denying a similar motion at the close of all the evidence. Plaintiff responds that there was sufficient evidence for the court to find defendant liable on both claims. On review, we give plaintiff the benefit of every reasonable inference that can be drawn from the evidence.

■       An action for goods sold and delivered is a restitutionary remedy which allows an aggrieved party to proceed against one who has been unjustly enriched. It has been viewed as an alternative to an action for breach of contract, although it is sometimes available when no formal agreement exists. It is *not* however, a claim for breach of contract. In its first claim, plaintiff nowhere alleges that it had a legally enforceable agreement with defendant. Rather, the claim is simply that defendant had been unjustly enriched in the transaction and should, therefore, pay restitution.

Although the transaction here arguably is within the scope of the Uniform Commercial Code, *see* ORS 71.1010 and ORS 71.1020, neither party cites any provision of the UCC in the briefs. It has been asserted that the UCC completely displaces restitutionary remedies, but neither party argues that the law on which plaintiff relies was in any way affected by its adoption. *See* ORS 71.1020, ORS 71.1030, ORS 71.1060; Hillman, "Construction of the Uniform Commercial Code: UCC Section 1-103 and Code Methodology," 18 B. C. Ind. & Com. L. Rev. 655, 705 (1977); Nordstrom, "Restitution on Default and Article Two of the Uniform Commercial Code," 19 Vand. L. Rev. 1143 (1966). Plaintiff does not assert a UCC remedy; we will, therefore, not address the possible application here of the UCC.

■ ■   Under its claim for "goods sold and delivered," plaintiff must prove (1) that defendant requested it to deliver certain goods, (2) that it delivered the goods, (3) the agreed or reasonable value of the goods and (4) that defendant did not pay. *See Medford Furniture etc. Co. v. Hanley,* 120 Or 229, 250 P 876 (1926); *Sayles v. Daniels Sales Agency,* 100 Or 37, 196 P 465 (1921). Defendant argues that plaintiff failed to offer any evidence that the goods were "delivered." We agree.[1] There was *no* evidence that defendant ever took possession of the support materials or that they ever left plaintiff's plant. Although a seller *under a contract* may under certain circumstances deliver goods, that is, tender performance, by holding conforming goods at the buyer's disposition, *see* ORS 72.5030, plaintiff does not assert that defendant had a contractual obligation to pick up the goods. They were not "delivered" so as to give rise to the restitutionary remedy for goods sold and delivered. Defendant never took actual possession of the goods. Accordingly, plaintiff did not prove that defendant was unjustly enriched under its claim for goods sold and delivered.

■   In its second claim, plaintiff alleged:

"VI

"That on or about August 24, 1982, an account was stated between Plaintiff and Defendant in the amount of THIRTY THOUSAND, ONE HUNDRED SIXTY-FIVE AND 38/100 ($30,165.38) DOLLARS, together with interest thereon at the rate of one and one-half percent (1.5%) per month on the balance owing, from November 10, 1983, until paid.

"VII

"That despite demand made on Defendant by Plaintiff for payment of said sum, neither said sum nor any part thereof has been paid and that the amount of THIRTY THOUSAND, ONE HUNDRED SIXTY-FIVE AND 38/100 ($30,165.38)DOLLARS, together with interest thereon at the rate of one and one-half percent (1.5%) per month on the balance owing from November 10, 1983, until paid, is due and owing."

Both parties characterize the claim as one for "an account stated."

---

[1] Defendant also argues that plaintiff's evidence of the first and third elements was insufficient. Because we agree that the proof of delivery was insufficient, we do not reach those arguments.

"The crux of an account stated is an agreement between the parties that a certain amount is owing and will be paid." *Sunshine Dairy v. Jolly Joan,* 234 Or 84, 85, 380 P2d 637 (1963).

Under this claim, although plaintiff need not prove that there was an underlying agreement concerning the support materials, it must prove that the parties had agreed at some point that the balance that defendant allegedly owed was correct. *Steinmetz v. Grennon,* 106 Or 625, 634, 212 P 532 (1923). The evidence showed that defendant rejected all of plaintiff's attempts to bill it for the support materials. There was no evidence that defendant ever agreed that it owed plaintiff any account balance, let alone the $30,165.38 alleged. The evidence, therefore, was also insufficient to support a verdict for plaintiff on this claim.

Reversed and remanded with instructions to enter judgment for defendant.[2]

---

[2] Because of our disposition, we need not reach defendant's fourth assignment of error concerning prejudgment interest.