Argued and submitted May 15, 1991, affirmed May 13, reconsideration denied
July 15, petition for review denied August 25, 1992 (314 Or 175)

# MOORMAN MANUFACTURING COMPANY
# OF CALIFORNIA, INC.,
*Appellant,*

*v.*

## Norman D. HALL,
## Gary D. Hall and Mark R. Hall,
## dba Farm Direct Feed Supply,
*Respondents.*

(89-4229-L-3; CA A65514)

830 P2d 606

Thomas C. Howser, Ashland, argued the cause for appellant. With him on the briefs were Judith H. Uherbelau and Howser & Munsell, P.C., Ashland.

Timothy C. Gerking, Medford, argued the cause for respondents Norman D. Hall and Gary D. Hall. Charles M. McNair, Medford, argued the cause for respondent Mark R. Hall. With them on the brief were Brophy, Duhaime, Mills, Schmor, Gerking & Brophy, Medford, and Fowler, Alley & McNair, Medford.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

Rossman, J., concurring in part; dissenting in part.

## BUTTLER, P. J.

Plaintiff, seller, filed an action with claims for breach of contract, on an account and on an account stated, all of which are based on the unpaid amounts due for goods that it sold to defendants. Defendants filed motions to dismiss, claiming that the Statute of Limitations had run on all three claims. ORS 72.7250. The trial court granted the motions, plaintiff appeals, and we affirm.

The goods involved were sold and delivered to defendants between March 21, 1983, and February 29, 1984. Defendants made their last payment on January 31, 1984, about a month before plaintiff's last delivery. Plaintiff filed this action on December 21, 1989, five years and ten months after the date of the last delivery. It concedes that its breach of contract claim is barred by the four-year Uniform Commercial Code (UCC) Statute of Limitations, ORS 72.7250,[1] but argues that the claims on an account and on an account stated are not barred, because they are subject to the 6-year general contract Statute of Limitations. ORS 12.080.[2]

Oregon courts have not had an occasion to decide which limitation applies to an account or an account stated claim involving an underlying sale of goods. Generally, when two statutes conflict, the more specific provision governs over the more general one. ORS 174.020. In this instance, ORS 12.080, the general provision, carves out a specific exception for actions based on the sale of goods, shortening the time

---

[1] ORS 72.7250 provides, in part:

"(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement, the parties may reduce the period of limitation to not less than one year but may not extend it.

"(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach."

ORS 72.1060 defines "contract for sale" to include a present sale of goods and a contract to sell goods at a future time.

[2] ORS 12.080 provides:

"(1) An action upon a contract or liability, express or implied, excepting those mentioned in ORS 12.070 and 12.110 and except as otherwise provided in ORS 72.7250;

"(* * * * *

"* * * shall be commenced within six years."

within which such actions may be brought. Other jurisdictions have held that the UCC limitation governs actions based on accounts that involve a sale of goods. In *Greer Limestone Co. v. Nestor*, 332 SE2d 589 (W Va 1985), the West Virginia Supreme Court held that the "UCC Statute of Limitations supersedes any general statute of limitations with regard to transactions involving the sale of goods" and held that the UCC applies to an account stated claim relating to such transactions. *See also Sesow v. Swearingen*, 552 P2d 705 (Okla 1976); *Ideal Builders Hardware Co. v. Cross Const. Co., Inc.*, 491 SW2d 228 (Tex Civ App 1972).

Plaintiff contends that, because an account stated is a separate contract, independent of the underlying sale of goods, the UCC limitation, although more specific, does not apply.[3] We disagree. Although an account stated is based on a separate agreement between the parties, it relates to and cannot be divorced from the underlying sales transaction. *See Edwards v. Hoevet*, 185 Or 284, 200 P2d 955 (1949). The UCC drafters intended that one limitation apply to all transactions involving the sale of goods, regardless of the theory of liability asserted.[4] To hold that the UCC limitation period does not apply to actions on account, despite the underlying sale of goods, would run counter to the drafters' purpose of providing consistency and predictability in commercial transactions. ORS 71.1020; *Community Bank v. Jones*, 278 Or 647, 667, 566 P2d 470 (1977).

---

[3] Plaintiff claims that at least one other jurisdiction "has found that an action on an account was not barred by the UCC 4-year statute of limitation because it involved an open account." The defendant in that case, *Sheyenne Valley Lumber Co. v. Nokleberg*, 319 NW2d 120, 128 (ND 1982), however, failed to raise the Statute of Limitations. The court's statement that neither the UCC nor the general contract Statute of Limitations applied was merely *dictum*.

[4] The Official Comment prepared by the Conference of Commissioners on Uniform State Laws and the American Law Institute on § 2-725 of the Uniform Commercial Code states:

"Purposes. To introduce a uniform statute of limitations for sales contracts, thus eliminating the jurisdictional variations and providing needed relief for concerns doing business on a nationwide scale whose contracts have heretofore been governed by several different periods of limitation depending upon the state in which the transaction occurred. This Article takes sales contracts out of the general laws limiting the time for commencing contractual actions and selects a four year period as the most appropriate to modern business practice. This is within the normal commercial record keeping period."

Given our conclusion on the applicable Statute of Limitations, we need not decide defendants' contention that the UCC completely displaces any action on an account or on an account stated in a transaction involving a sale of goods. *See Crosby Paint Corp. v. Bi-Mart Co.*, 81 Or App 341, 344, 724 P2d 937, *rev den* 302 Or 194 (1986).

Affirmed.

**ROSSMAN, J.,** concurring in part; dissenting in part.

I dissent from the majority's analysis of plaintiff's "account stated" claim.

The statement of an account, or an "account stated," is an agreement to pay a fixed amount that is due as a result of previous transactions in which a debtor-creditor relationship was created. *See EIMCO-BSP Ser. v. Valley Inland Pac. Constructors*, 626 F2d 669, 671 (9th Cir 1980). When the parties themselves agree upon a sum that the debtor owes and promises to pay to the creditor, that promise creates an *independent* contract between the parties; the new contract is enforceable in its own right, "even though the antecedent debt has been barred by [the] statute of limitations or has been discharged in bankruptcy." *Corbin on Contracts* § 1304, 237 (1962 & 1991 Supp); *see also Meridinal Co. v. Moeck*, 121 Or 133, 253 P 525 (1927).

Plaintiff alleges that the parties stated an account in February, 1984. This action was commenced in December, 1989. The four-year Statute of Limitations that applies to contracts for the sale of goods, ORS 72.7250, is inapplicable to plaintiff's account stated claim, because the claim is based on a new and separate contract that was created when defendants acknowledged their indebtedness to plaintiff. It is therefore subject to the six-year limitation in ORS 12.080(1). Because the account stated claim was timely filed within that period, I must dissent.