■ EUROGEN, INC., Appellant, v KALMAN CENSOR et al., Respondents. [662 NYS2d 487] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered January 27, 1997, which, in an action for goods sold and delivered, granted plaintiff's motion to reargue a prior order, same court and Justice, entered May 10, 1996, dismissing the action as time-barred, and, upon reargument, adhered to the prior order, unanimously affirmed, with costs. The appeal from the prior order is unanimously dismissed as superseded by the appeal from the subsequent order, without costs.

Plaintiff's attempt to recast its claim for goods sold and delivered as one based on dishonored checks and notes, and thereby bring into play the six-year limitations period of CPLR 213 (2) instead of the four-year period of UCC 2-725, was properly rejected by the motion court for lack of merit. Plaintiff fails to show how the damages it seeks are attributable to the notes and checks on which it relies, which were produced in discovery not in their own right but as part of the evidence purporting to show the balance due on a running account that, inconsistent with the claim of dishonored paper, indicates delivery of new orders far exceeding the account balance after the last check or note had bounced (see, Sears, Roebuck & Co. v Enco Assocs., 43 NY2d 389, 394-395). In any event, even if the

action could be considered as one to recover on dishonored commercial paper, we would deny leave to amend the complaint to assert that theory where the original complaint did not refer to any dishonored paper, the answer alerted plaintiff to the Statute of Limitations defense, no excuse is offered for the delay in seeking leave to assert the new theory until after discovery had been completed and the case was on the calendar, such leave was first sought after the original theory had been ruled deficient (*see, Cippitelli Bros. Towing & Collision v Rosenfeld*, 171 AD2d 637, 639), and there is a possibility that evidence has been lost during the long delay (*see, Allen v Vuley*, 223 AD2d 868, 869). We note that plaintiff's brief does not address the dismissal of its cause of action for account stated. Concur—Milonas, J. P., Nardelli, Rubin, Mazzarelli and Andrias, JJ.