OPINION OF THE COURT
Joseph R. Cannizzaro, J.
*1007 Plaintiff, Troy Boiler Works, Incorporated, commenced this action to obtain the purchase price of goods sold and delivered to defendant, Sterile Technologies, Inc. Defendant moves to dismiss the complaint against it with prejudice on grounds that the action is barred by the statute of limitations contained in section 2-725 of the Uniform Commercial Code. Plaintiff opposes the motion.
As an initial matter, plaintiff contended that because defendant served his answer and then made the motion to dismiss, the motion was not timely pursuant to CPLR 3211 (e), which requires that the motion be made before defendant’s answer was served. Plaintiff, however, acknowledges that the statute of limitations contained in UCC 2-725 (1) was raised as an affirmative defense in defendant’s answer. Defendant conceded that its motion to dismiss is untimely in view of CPLR 3211 (e), but requested that since there is no dispute as to the facts with respect to the statute of limitations issue, that the court treat the motion as a motion for summary judgment pursuant to CPLR 3211 (c).
In view of defendant’s request, the court by letter dated May 13, 2003, notified the parties that it would be treating the instant motion as a motion for summary judgment in regard to the defense of the statute of limitations set forth in UCC 2-725. The parties were each given additional time to submit anything further on the motion in regard to the statute of limitations issue only. No further submissions were received and the matter was returnable on May 26, 2002. The court shall now, therefore, consider the motion for summary judgment.
Plaintiff filed its complaint on November 20, 2002. In the complaint, plaintiff alleges that in 1994, defendant purchased a sterilizer from plaintiff which it is undisputed was delivered to defendant on August 23, 1996. Plaintiff alleges that defendant was supposed to pay for the sterilizer within 30 days after being sent an invoice or a 1.5% per month finance charge would be imposed on any balance due after 30 days from the date of the invoice. Plaintiff contends that defendant made payments totaling $41,634.33, and alleges that defendant still owes plaintiff $112,615, as the balance due on the sterilizer, plus finance charges in the amount of $134,214, for a total of $246,829. Plaintiff acknowledges that defendant made payments to plaintiff in 1995, 1997 and 1998, and it is undisputed that the last payment occurred on April 21, 1998.
Plaintiff has set forth three causes of action based on defendant’s alleged nonpayment for the sterilizer. The first *1008 cause of action is based on goods sold and delivered pursuant to a contract for sale and presumably defendant’s breach of the contract. In the second cause of action, plaintiff alleges that the sterilizer was sold to defendant pursuant to a contract and was furnished upon a mutual, open, and current account within the meaning of CPLR 206 (d). In the last cause of action, plaintiff alleges that it has stated a claim for an account stated because it has submitted bills to defendant which defendant never contested, questioned or objected to.
Defendant has submitted checks which indicate that it has paid plaintiff $140,000. Defendant contends that nothing occurred after it made the April 21, 1998 payment to defendant until plaintiff filed its complaint on November 20, 2002. Using the April 21, 1998 payment as the date of the last transaction between the parties in accordance with CPLR 206 (d), defendant contends that all three causes of action are barred by the four-year statute of limitations contained in UCC 2-725 (1), since the complaint was filed more than four years after the last transaction concerning the sterilizer occurred. Defendant contends that because the underlying transaction is for the sale of goods, the action is subject to the four-year statute of limitations contained in UCC 2-725 (1), regardless of whether plaintiff alleges a contract claim, an open account claim or a claim for an account stated. Defendant contends that plaintiffs cause of action for breach of contract accrued on April 21, 1998, when defendant made its last payment to plaintiff in accordance with UCC 2-725 (2).
In opposition to dismissal, plaintiff contends that this action is governed by the six-year contract statute of limitations set forth in CPLR 213 (2), and not the four-year statute of limitations contained in UCC 2-725 (1). More specifically, plaintiff contends that subsequent to the original sale transaction of the sterilizer, which occurred on July 18, 1994, the parties created a new contract concerning the sterilizer and defendant’s obligation to pay for it due to certain modifications and changes that defendant requested be made to the sterilizer. Plaintiff contends that the modifications and changes altered the original purchase price from $114,908 to $154,250.33, which defendant agreed to pay. In short, plaintiff contends that a new contract was created concerning the balance due on the sterilizer which is not governed by UCC 2-725.
It is undisputed that the last invoice rendered by plaintiff to defendant was dated May 14, 1996, which was prior to the *1009 delivery of the sterilizer. Once defendant accepted the sterilizer without objection and defendant did not object to the invoices, but rather made payments to plaintiff, the last payment occurring on April 21, 1998, plaintiff contends that the UCC no longer governed this matter. Instead, plaintiff contends that an account was stated on the new contract for the balance due which is governed by the six-year contract statute of limitations set forth in CPLR 213 (2). Plaintiff agrees with defendant that whichever limitation period is applicable, the payment made on April 21, 1998 started the running of the limitations period anew in accordance with CPLR 206 (d). As a result, plaintiff contends that its complaint filed on November 20, 2002 was timely and the action is not time-barred.
The issue in this case boils down to whether the subsequent modifications made to the sterilizer per defendant’s request created a new contract and, therefore only an account stated, which claim would normally be governed by a six-year statute of limitations, and thus somehow removed the contract from the purview of article 2 of the UCC, which governs transactions in goods and contains a four-year statute of limitations. (See CPLR 213 [2]; UCC 2-102, 2-725.) Specifically, UCC 2-725 states in relevant part that:
“(1) An action for breach of any contract for sale must be commenced within four years after the cause of action accrued . . . [and]
“(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party’s lack of knowledge of the breach.”
While courts in other states have dealt with this issue, it appears to be a matter of first impression in New York. These other state courts have taken the position that a claim for an account stated or other claim on an account does not allow plaintiff to circumvent the statute of limitations set forth in UCC 2-725 where the underlying transaction or contract involved the sale of goods. The court agrees with this position and finds that the four-year statute of limitations contained in UCC 2-725 (1) governs here for the following reasons.
First, the court finds that to apply the six-year statute of limitations contained in CPLR 213 (2) would permit plaintiff to evade the dictates of the UCC and defeat the very goals the UCC’s drafters sought to accomplish. In particular, the Comment to UCC 2-725 states in relevant part that the purpose of this limitations section was “[t]o introduce a uniform statute of limitations for sales contracts, thus eliminating the jurisdictional *1010 variations and providing needed relief for concerns doing business on a nationwide scale whose contracts have heretofore been governed by several different periods of limitation depending upon the state in which the transaction occurred. This Article takes sales contracts out of the general laws limiting the time for commencing contractual actions and selects a four year period as the most appropriate to modern business practice. This is within the normal commercial record keeping period.”
If the plaintiff were allowed to circumvent UCC 2-725 in this instance, it would serve only to create the very jurisdictional variations that the UCC drafters sought to eliminate.
Second, article 2 of the UCC recognizes that a contract for the sale of goods can be modified after the original contract which concerned the goods at issue was made. (See e.g. UCC 2-207, 2-209.)
Third, the CPLR recognizes the UCC’s goal of achieving limitations uniformity in regard to contracts for the sale of goods. In particular, CPLR 213 (2) states that “an action upon a contractual obligation or liability, express or implied” shall be commenced within six years “except as provided in . . . article 2 of the uniform commercial code . . . .” The court agrees with defendant that this language makes it clear that actions based on a contractual obligation to pay the purchase price for the sale of goods are subject to the narrower statute of limitations set forth in UCC 2-725, and not the broader contract statute of limitations set forth in CPLR 213 (2).
Fourth, contrary to plaintiffs assertions, the case law dealing with actions similar to the instant action from other state courts is directly on point. For example, in Moorman Mfg. Co. of Cal., Inc. v Hall (113 Or App 30, 32, 830 P2d 606, 607 [1992]), a seller brought an action against a buyer for breach of contract, action on account and action on account stated, all of which were based on the unpaid amounts for goods that it sold. The trial court granted the defendant’s motion to dismiss the action on grounds that all three claims were time-barred pursuant to UCC 2-725. On appeal, the seller contended that at a minimum, its claims for an account and an account stated were not barred because they were subject to the six-year general contract statute of limitations, and not the four-year UCC statute of limitations. The Oregon Court of Appeals affirmed the dismissal of the action holding that “[generally, when two statutes conflict, the more specific provision governs over the more general one.” (Id., 113 Or App at 32, 830 P2d at 607.)
*1011 Moreover, in response to the seller’s contention that an account stated is a separate contract, independent of the underlying contract for the sale of goods, the court stated that
“[although an account stated is based on a separate agreement between the parties, it relates to and cannot be divorced from the underlying sales transaction. The UCC drafters intended that one limitation apply to all transactions involving the sale of goods, regardless of the theory of liability asserted. To hold that the UCC limitation period does not apply to actions on account, despite the underlying sale of goods, would run counter to the drafters’ purpose of providing consistency and predictability in commercial transactions.” (Moorman Mfg. Co. v Hall, 113 Or App at 33, 830 P2d at 607-608, supra [citations omitted].)
In Greer Limestone Co. v Nestor (175 W Va 289, 293, 332 SE2d 589, 594 [1985]), the Supreme Court of Appeals of West Virginia recognized that the account at issue in that case was an open account and not an account stated because the parties had not agreed on the actual balance of the account. However, the court concluded that the four-year UCC statute of limitations applied and that the distinction between the different type of accounts had little significance since the statute of limitations had run unless a partial payment had tolled the statute.
The court stated that
“[fit is generally held that the statute of limitations contained in the UCC, which is in W. Va. Code, 46-2-725, supercedes any general statute of limitations with regard to transactions involving the sale of goods . . . The reason given for applying the UCC statute of limitations is contained in the official commentary to the UCC which we adopted as a part of our Code.” (Greer Limestone Co. v Nestor, 175 W Va at 293-294, 332 SE2d at 594, supra [citations omitted].)
The Supreme Court of Oklahoma in Sesow v Swearingen (552 P2d 705 [1976]) reached the same conclusion holding that the statute of limitations in Oklahoma’s version of UCC 2-725 applied to an action commenced for either the price of certain goods, wares and merchandise sold and delivered on an open account or for breach of a contract for the sale of goods instead of Oklahoma’s general contract statute of limitations. In particular, the court noted that “[fit is the duty of this court to recon *1012 cile different provisions of the statutes to make them consistent and harmonious and give sensible and intelligent effect to each.” (Sesow v Swearingen, supra at 706.)
In H. Russell Taylor’s Fire Prevention Serv., Inc. v Coca Cola Bottling Corp. (99 Cal App 3d 711, 160 Cal Rptr 411 [1979]), the plaintiff alleged four causes of action in his complaint: account stated, open book account, indebitatus assumpsit and money had and received. After determining that plaintiffs overall claim was contractual in nature and stemmed from an implied-in-law sale, since any aspect of his claim that had sounded in tort had been waived, and article 2 of the UCC applied to implied-in-law sales, the trial court applied the four-year statute of limitations set forth in UCC 2-725 to plaintiffs action and held the suit timely filed. The trial court did go on to dismiss plaintiffs claims for account stated and open book account since the plaintiff had not established his entitlement to judgment on those causes of action; however, dismissal of those claims on their merits did not mean that the court would have applied a different statute of limitations to such claims. The California Court of Appeals for the Fifth District affirmed all of the trial court’s rulings. In its decision, the Court of Appeals noted that “[i]n ruling upon the applicability of a statute of limitations, it has been recognized that courts will look to the nature of the rights sued upon rather than to the form of action or to the relief demanded. Neither the caption, form, nor prayer of the complaint will conclusively determine the nature of the liability from which the cause of action flows. Instead, the true nature of the action will be ascertained from the basic facts a posteriori.” (H. Russell Taylor’s Fire Prevention Serv., Inc. v Coca Cola Bottling Corp., 99 Cal App 3d at 717, 160 Cal Rptr at 415, supra [citations omitted].)
Finally, although there is limited case law in New York, the courts here have prevented plaintiffs from circumventing the application of UCC 2-725 in actions involving transactions in goods. See e.g. Eurogen, Inc. v Kalman Censor (242 AD2d 513 [1st Dept 1997]), where the Court rejected plaintiffs attempt to recast its claim for goods sold and delivered to one based on dishonored checks and notes in order to obtain the benefit of the six-year limitations period of CPLR 213 (2) and avoid the four-year limitations period of UCC 2-725; McLeod v Cowles (215 AD2d 460 [2d Dept 1995]), where the Court stated that an action for breach of contract concerning the sale of cooperative shares was subject to the four-year statute of limitations set *1013 forth under UCC 2-725 (1) and not the six-year statute of limitations contained in CPLR 213 (2); and Reiss v Pacific Steel Pool Corp. (73 Misc 2d 78 [Sup Ct, Albany County 1973]), where the court enunciated that UCC 2-725 applied to an action seeking to recover for goods sold and delivered and not CPLR 213 (2).
In light of the foregoing, the court finds that whether or not plaintiff has a claim for an account stated or any other claim on an account, the four-year statute of limitations set forth in UCC 2-725 (1) applies to this action since the underlying transaction was for the sale of goods and any such claims relate to and cannot be divorced from the underlying sales transaction. In fact, no matter how plaintiff seeks to characterize its claim, only one statute of limitations properly applies in keeping with the goals of UCC 2-725. As a result, because there is no dispute that the statute of limitations began to run on April 21, 1998, plaintiffs complaint filed on November 20, 2002 was untimely. (See CPLR 206 [d]; UCC 2-725 [1], [2].)
Accordingly, defendant’s motion to dismiss the complaint as time-barred pursuant to UCC 2-725 (1) is granted. Inasmuch as defendant has interposed two counterclaims, this action will proceed on the counterclaims only and the court will schedule a preliminary conference concerning same, unless the court is informed within 20 days of the date of this decision and order that defendant is withdrawing its counterclaims. In addition, as the parties have agreed that plaintiffs motion filed on December 26, 2002, for a protective order vacating defendant’s demand to produce documents for inspection would become moot if the complaint was dismissed, the court now denies said motion as moot.