**HUBERT LUMBER CO., Inc., Appellant,**

v.

**Ruth BAUMGART, Appellee.**

**No. 15717.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 4, 1971.

Rehearing Denied March 25, 1971.

Monroe K. Walter, Houston, for appellant.

No brief filed for appellee.

COLEMAN, Justice.

This is a suit to foreclose a materialman's lien. The District Court rendered judgment for the lot owner. The judgment is affirmed.

The trial court filed findings of fact and conclusions of law. No additional findings were requested. None of the findings of fact filed by the trial court have been challenged by a point in appellant's brief on this appeal. No brief was filed in this court by appellee.

On May 10, 1966 appellee entered into a written general construction residential building contract with J. T. Longbotham whereby for a consideration of $18,191.00 the contractor agreed to construct certain improvements on property owned by appellee. Appellee gave her note, secured by a deed of trust, for this

amount to the contractor, who transferred it to a financial institution.

On July 15, 1966, the contractor abandoned the construction of appellee's house after having received $9,060.24 from the savings association. The note having matured, appellee paid to the savings association the $9,060.24, and received the note in return. Appellee had the building completed by another contractor at a total cost of $1,032.29 in excess of the original contract price.

On September 22, 1966, appellant filed a materialman's lien affidavit in Brazoria County, Texas, claiming that the contractor owed $2,343.40 for material used in the erection of appellee's house. A copy of the affidavit was mailed to appellee on October 30, 1966, accompanied by the statutory warning provided in Art. 5453, Vernon's Ann.Civ.St. Appellee did not keep the 10% statutory retainage provided by Art. 5469, V.A.C.S.

On March 25, 1970, appellant filed this suit for debt in the sum of $2,343.40, against appellee, and for the establishment and foreclosure of constitutional and statutory liens against the property owned by her on which the house was built. The contractor is not a party to this suit.

The last delivery of materials to the construction site by appellant was made on August 4, 1966.

The trial court concluded that appellant's right to recover its indebtedness against appellee was barred by the two year statute of limitations, and that he could not foreclose any lien against appellee under Article 5469, V.A.C.S., because the debt is barred.

There was evidence that materials of the value claimed were purchased by the contractor and delivered to the lot owned by appellee. There is evidence in the record to establish that the debt between the appellant and the contractor rests on oral contract. The evidence establishes that more than two years elapsed between the date the indebtedness is deemed to have accrued and the date on which this suit was filed.

The trial court found that the debt was barred by Art. 5526, V.A.T.S., the two year statute of limitations. Appellant argues that the trial court is in error because appellant had filed suit against the contractor within the limitation period. Appellant asserts that by reason of this suit the debt is not barred, and, therefore, suit to foreclose the lien, given by law as security for the debt, is not barred, citing University Savings and Loan Ass'n v. Security Lumber Co., 423 S.W.2d 287 (Tex. 1967).

The only evidence in the record which might be said to support this contention is the Lis Pendens Notice filed in Brazoria County, Texas, in which there is a statement that such a suit had been filed and was pending in Harris County, Texas. The date such a suit was filed does not appear in the notice. The notice was filed June 10, 1969, more than two years after the debt had accrued. Accepting its recitals as evidence there is no evidence that the suit was filed within two years of the date the indebtedness accrued. However, the recitations in the notice do not constitute proof of the facts therein recited. The Lis Pendens Notice is merely an affidavit, and, except for cases in which there is an issue as to constructive notice of a suit involving title to real estate, has no more weight as evidence than any other affidavit.

The conclusion of the trial court that the debt is barred by the two year statute of limitation is supported by the record. The debt being barred, the liens dependent thereon are unenforceable. University Savings and Loan Ass'n v. Security Lumber Company, supra; West v. First Baptist Church of Taft, 123 Tex. 388, 71 S.W.2d 1090 (1934); Holford v. Patterson, 113 Tex. 410, 257 S.W. 213 (1923).

The cause of action based on appellee's failure to retain 10% of the contract price is also barred by Art. 5526, V.A.C.S. Rose v. First State Bank of Paris, Texas, 122 Tex. 298, 59 S.W.2d 810 (1933).

Since the defense of limitations is a complete bar to appellant's cause of action, it is not necessary to discuss the points attacking other grounds supporting the judgment mentioned by the trial court.

The judgment is affirmed.