**Dale SMITH, d/b/a Dalco Construction Company, Appellant,**

v.

**POST–TENSIONED SYSTEMS, INC., Appellee.**

No. 17724.

Court of Civil Appeals of Texas, Fort Worth.

May 14, 1976.

Cobb & Collier, and J. D. Collier, III, Lewisville, for appellant.

Ray W. Hill, Jr., Dallas, for appellee.

OPINION

SPURLOCK, Justice.

Post-Tensioned Systems, Inc. brought this suit on a sworn account founded on a breach of a contract for the sale and delivery of materials during the months of September, October and December, 1972. Suit was filed within two years after the cause of action accrued but there was a delay in obtaining service upon the defendant. Defendant was served on January 27, 1975, and filed its answer on February 14, 1975, and the cause came on for trial on May 15, 1975. The defendant contends that plaintiff failed to prosecute this suit with diligence and therefore the same is barred as a matter of law by the two-year statute of limitation imposed by Article 5526, V.A.C.S.

It is our opinion that the four-year statute of limitation provided for in Texas Business and Commerce Code Annotated, Section 2.725 applies to this action for the breach of contract for the sale of goods.

We affirm.

In *Big D Service Company, Inc. v. Climatrol Industries, Inc.*, 523 S.W.2d 236 (Tex. 1975), that Court stated: "The sole issue is whether the two-year limitation period imposed by Article 5526, Vernon's Tex.Rev. Civ.Stat., Ann., or the four-year limitation period prescribed by § 2.725 of the Texas Business and Commerce Code, V.T.C.A., applies to an action for the breach of contract for the sale of goods. The Court of Civil Appeals held that the four-year period of limitation governs the action here pleaded. Tex.Civ.App., 514 S.W.2d 148. We agree."

See also *Ideal Builders Hardware Co. v. Cross Const. Co., Inc.,* 491 S.W.2d 228 (Tex. Civ.App., Houston 1st Dist., 1972, no writ history), and *Wilson v. Browning Arms Company,* 501 S.W.2d 705 (Tex.Civ.App., Houston 14th Dist., 1973, writ refused).

Since this suit was filed and service obtained within four years from the date the cause of action accrued, it is not barred by limitation.

Judgment affirmed.