Jerry **BUCK** and Wife, Jeanne **Buck**, Appellants,

v.

**ACME BRICK COMPANY, A DIVISION OF JUSTIN INDUSTRIES, INC., Appellee.**

No. 09 83 136 CV.

Court of Appeals of Texas, Beaumont.

Jan. 19, 1984.

James A. Clark, Woodville, for appellants.

Bill R. Jones, Livingston, for appellee.

OPINION

McNICHOLAS, Justice.

This is an appeal from the trial court's granting of appellee's motion for summary judgment based upon the following facts,

as set forth by appellant and agreed to by appellee:

"On March 7, 1977, John Gardner, general contractor, entered into a contract for the construction of a house for Appellants. Thereafter in May, 1977, pursuant to an oral agreement with the contractor Appellee delivered brick on two occasions to Appellants' property. Appellee gave notice to Appellants and filed its lien affidavit within the time limit provided by law. The contractor did not pay Appellee for the brick. On August 28, 1980, Appellee filed suit against contractor and Appellants for the debt and for foreclosure of the lien on Appellants['] property. Appellants affirmatively plead that the action was barred by the two-year statute of limitations.

"The Trial Court upon Appellee's motion granted summary judgment to Appellee for the amount of the debt, foreclosure of its lien and order of sale, from which judgment Appellants bring this appeal."

■ The sole questions is whether or not the materialman's lien is barred by the two-year statute of limitations set forth in *TEX.REV.CIV.STAT.ANN. art. 5526* (Vernon Supp.1982–1983), or whether the four-year statute of limitations controls, as set forth in *TEX.BUS. & COM.CODE ANN. Section 2.725* (Tex.UCC) (Vernon 1968). It has been consistently held that any action for the breach of a contract for the sale of goods, including suits on sworn accounts, is governed by the four-year statute of limitations referred to above. *Big D Service Co., Inc. v. Climatrol Industries, Inc.*, 523 S.W.2d 236 (Tex.1975); *Smith v. Post-Tensioned Systems, Inc.*, 537 S.W.2d 144 (Tex. Civ.App.—Ft. Worth, 1976, no writ). We therefore hold, that *Section 2.725(a)* controls and the appellee's action was timely brought.

A lien, which is an encumbrance on property to secure the payment of a debt, is an incident of and inseparable from the debt. Thus, we are also of the opinion that "[s]ince the cause of action for debt was not barred, neither was the cause of action

to foreclose the liens." *University Savings & Loan Association v. Security Lumber Co., Inc.*, 423 S.W.2d 287 (Tex. 1967).

■ *Garcia v. Texas Instruments, Inc.*, 610 S.W.2d 456 (Tex.1980) is a case brought under the Texas Uniform Commercial Code and involving the Code's four year statute of limitations, *Section 2.725(a)*. Though *Garcia* involved an implied warranty action for personal injuries and the present case involves the breach of an oral contract, they are both governed in their entirety by the Uniform Commercial Code. Therefore we are persuaded that *Garcia* is also persuasive for the proposition that privity of contract is not required under *TEX.BUS. & COM.CODE ANN., Section 2.725(a)* (Tex. UCC) (Vernon 1968), contrary to appellants' contention.

Accordingly, appellants point of error is overruled and the judgment of the trial court is

AFFIRMED.

BROOKSHIRE, Justice, dissenting.

With respect, this dissent is filed. The record, I find, lucidly demonstrates that there was no contract of sale, either written or verbal, between Mr. and Mrs. Buck and Acme Brick Company. On the contrary, the contract of sale existed only between Acme Brick Company and the general contractor, John Gardner. Indeed, the Acme Brick Company's original pleadings affirmatively and unequivocally allege that Jerry Buck and wife entered into a contract with Gardner to construct improvements and:

"Thereupon, Defendant, John Gardner, as original contractor, entered into an agreement with Plaintiff, Acme Brick Company—A Division of Justin Industries, Inc., to supply building materials . . . ."

Again, in Acme Brick Company's First Amended Original Petition, we find:

"On or about May 5, 1977, and again on or about May 17, 1977, Defendant, John Gardner, as original contractor, entered

into agreements with Plaintiff to supply brick ...."

Appellee relies principally on *TEX.BUS. & COM.CODE ANN. Sec. 2.725(a)* (Vernon 1968) which provides:

"(a) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."

Under this record, I submit, the following statutes must be construed with and alongside *TEX.BUS. & COM.CODE ANN. Sec. 2.725(a)* (Vernon 1968).

*TEX.BUS. & COM.CODE ANN. Sec. 2.301* (Vernon 1968) provides:

"The obligation of the seller is to transfer and deliver and that of the buyer is to accept and pay in accordance with the contract."

*TEX.BUS. & COM.CODE ANN. Sec. 2.103* (Vernon 1968) provides, in (a)(1) and (a)(4), as follows:

"(1) 'Buyer' means a person who buys or contracts to buy goods.

. . . .

"(4) 'Seller' means a person who sells or contracts to sell goods."

Indisputably, John Gardner was the buyer; Acme Brick Company was the seller. *TEX.BUS. & COM.CODE ANN. Sec. 2.106(a)* (Vernon 1968) provides:

"(a) In this chapter unless the context otherwise requires 'contract' and 'agreement' are limited to those relating to the present or future sale of goods. 'Contract for sale' includes both a present sale of goods and a contract to sell goods at a future time. A 'sale' consists in the passing of title from the seller to the buyer for a price."

Here, the sale, and therefore the passing of the title, of the bricks was from Acme Brick Company to John Gardner. *TEX. BUS. & COM.CODE ANN. Sec. 2.725(d)* (Vernon 1968) provides:

"(d) This section does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before this title becomes effective."

In view of these statutory provisions, cited above, of the *TEXAS BUSINESS AND COMMERCE CODE*, under our record, I feel that *TEX.REV.CIV.STAT.ANN. Art. 5526(4)* (Vernon 1958) as to "Actions for debt where the indebtedness is not evidenced by a contract in writing" is the controlling, sovereign statute.

I would hold that the two-year statute of limitations as provided in *TEX.REV.CIV. STAT.ANN. Art. 5526(4)* (Vernon 1958), as such statute read and was in full force and effect prior to the August 27, 1979, amendment, applies. Hence, the delivery of the bricks in the middle and latter part of May, 1977, and the fact that the Appellee's debt was due by June 10, 1977, being the 10th day of the month following the last delivery of materials to John Gardner, would become barred two years after the last delivery of May 17, 1977. *See University Savings & L. Ass'n v. Security Lumber Co., Inc.,* 423 S.W.2d 287 (Tex.1967). Since the present case now on appeal was not filed until August 28, 1980, the debt, as to Jerry Buck and wife, was barred by the two-year statute of limitations. The suit was filed slightly more than three years after the Appellee's cause of action accrued. Although this reasoning and holding are somewhat conceptualistic; nevertheless, I think it is the clearly established law in our state that a valid, enforceable and forecloseable lien must be based on valid, subsisting and enforceable debt with the corollary concept that the debt and lien are inseparable. It necessarily follows that the debt being barred by the two-year statute of limitations, the action for the foreclosure of the lien based on that barred debt, is impermissible. *See University Savings & L. Ass'n v. Security Lumber Co., Inc., supra; Hubert Lumber Co., Inc. v. Baumgart,* 464 S.W.2d 728 (Tex.Civ.App. —Houston [1st Dist.] 1971, no writ).

I find that the case of *First National Bank in Graham v. Sledge,* 653 S.W.2d 283 (Tex.1983) is persuasive in its reasoning. In *First National Bank in Graham, supra,* we find the following, at page 288:

"The last question before us is whether the subcontractors were entitled to attorney's fees under article 2226. We hold they are not. Article 2226 requires a contractual relationship between the person supplying the labor or materials and the person against whom the claim is asserted. *New Amsterdam Casualty Co. v. Texas Industries, Inc.*, 414 S.W.2d 914, 915 (Tex.1967). The subcontractors had no contractual relationship with Meacham; they contracted to perform services or supply materials for the general contractor. Therefore, the court of appeals erred in awarding the subcontractors attorney's fees from Meacham."

The Supreme Court has compellingly and cogently reasoned that subcontractors have no contractual relationship with parties situated as are the Bucks. Moreover, the Court reasoned that subcontractors who perform services or supply materials have done so by virtue of a contract with the general contractor. As made applicable to the appealed case at bar, I believe the *First National Bank in Graham* case, *supra*, stands for the proposition that the Acme Brick Company contracted to supply materials (bricks) for the general contractor, John Gardner, and that no contractual relationship or contract existed between Appellants and the Appellee. Hence, I think the applicable statute of limitations, as written and effective before August 27, 1980, barred and disallowed the debt and, hence, barred and disallowed the enforcement or foreclosure of the lien. *TEX.REV.CIV. STAT.ANN. Art. 5526* (Vernon 1958). I think this conclusion is especially logical because of the language of *TEX.BUS. & COM.CODE ANN. Sec. 2.725(d)* (Vernon 1968) which specifically provides that:

"(d) This section does not alter the law on tolling of the statute of limitations ...."

The Appellee relies on the four or five cases cited and argued in its able brief. In each of these cited authorities there was a direct contract of sale between the parties. Therefore, these authorities are distinguishable and different factually. Appellee confidently advocates *Big D Service Company, Inc. v. Climatrol Industries, Inc.*, 523 S.W.2d 236 (Tex.1975). In the *Big D Service Company, Inc.* case, *supra*, in a per curiam opinion, the court wrote:

"The action pleaded in each case was for the breach of contract for the sale of goods. The holding in *Wilson v. Browning Arms Co.* [501 S.W.2d 705] that 'since June 30, 1966, the four-year statute of limitations provided for in Tex. Bus. & Comm.Code Ann. sec. 2.725 should be applied to suits on sworn accounts' must be read in the context of an action for breach of a contract for sale. *Suits on sworn accounts which are not founded on breach of contract for sale are not governed by this statute.*" (emphasis added)

I feel constrained to dissent because I think that this case is a suit on an account which was not founded on a breach of contract for sale—there being no contract for sale between Appellants and Appellee—hence, this suit is not governed by the four-year statute as embodied in *TEX.BUS. & COM. CODE ANN. Sec. 2.725(a)* (Vernon 1968).

I would reverse the judgment below.