PHELPS *v.* ABBOTT.[1]

ACTIONS—OPEN ACCOUNT—SEPARATE SUITS—COSTS.

    Separate suits may be brought by a creditor upon the claims embraced in an open account, subject, under 2 How. Stat. § 6876, to the penalty of loss of costs in subsequent suits where the whole of the claim upon such an account is not included in one action.

Error to Washtenaw; Kinne, J. Submitted April 6, 1898. Decided April 19, 1898.

*Assumpsit* by Caliphurnia B. Phelps and others against Charles S. Abbott for goods sold and delivered. From a judgment for plaintiffs on verdict directed by the court, defendant brings error. Affirmed.

*Lehman Bros.*, for appellant.

*Bowen, Douglas & Whiting*, for appellees.

LONG, J. Plaintiffs had an account for goods, wares, and merchandise against defendant, which had been running for several months, amounting to $489.88. On January 9, 1896, plaintiffs caused two summonses to issue against defendant. To each summons was attached a verified statement of a portion of the account. On the adjourned day of the first case, February 5th, they took judgment for $228.30 damages and $7.80 costs of suit. This included the general account from January 1, 1894, to and including the month of December, 1894. On February 6th the second trial came on. There had been served with this summons a verified statement of the account from January 11, 1895, to and including December, 1895. The defendant appeared in this cause, and

---

[1] Rehearing denied June 28, 1898.

pleaded the former suit and judgment in bar, under a claim that the second suit was for a part of the same general account for which judgment was rendered February 5, 1896, and that the cause of action, if any, accrued before the bringing of the first suit wherein judgment was rendered. Judgment was rendered by the justice in this second suit for $261.58 damages and $7.85 costs. The cause was appealed to the circuit court, where the judgment was affirmed. Defendant brings error.

The defendant requested the court to charge, substantially, that plaintiffs could not recover, which request was refused. It is the claim of the defendant that a debt due upon a continuous account of book entries, made in the ordinary course of dealing. is entire, and cannot be split up into separate and distinct demands, so as to form the basis of several suits; that an open account containing many items, all of which are due, constitutes but one claim, and one right of action. It appeared in the case that the plaintiffs, before these suits were brought, had brought suit upon the whole claim in Detroit, but that it had never been put in judgment, and that such suit was discontinued before the present suits were brought. The defendant contends that the whole account was there treated as one cause of action, and that, therefore. it cannot be split up, and that the first suit before the justice is a bar to the present suit.

We think that none of these contentions can be sustained, and that the court below very properly directed verdict in favor of plaintiffs. There was no question but that defendant was indebted to the plaintiffs for the amount covered by the two suits. The question here raised was passed upon in *Stickel* v. *Steel*, 41 Mich. 350, adversely to the claim now made by the defendant. It is true that in that case the bills of goods, which were bought on the same day, were bought on different terms of payment, but the account for each bill became due before the suit was brought on the first bill. It was said:

" The two bills might have been embraced in one action,

but, as the aggregate amount exceeded the jurisdiction of a justice of the peace, we probably have in this fact an explanation of the two suits. We think the plaintiffs had a legal right to bring the two suits. The justice refused to give costs in the second suit, and the course taken has been favorable to the debtor, instead of being oppressive. He has been sued in an inexpensive court."

This doctrine was reaffirmed in *Reid, Murdoch & Co.* v. *Ferris,* 112 Mich. 693. The penalty fixed by the statute for not including the whole claim on open account in one suit is loss of costs in the second suit. 2 How. Stat. § 6876.

The judgment must be affirmed.

The other Justices concurred.