COMMERCIAL BANK OF BAY CITY *v.* CHATFIELD.

1. BANKS AND BANKING — NEGLIGENCE OF DIRECTOR — LOANS TO CASHIER—RATIFICATION BY BOARD—EVIDENCE.

In an action by a bank against a former president and director to recover for moneys lost by his negligence in permitting the cashier to borrow on inadequate security, testimony that the loans to the cashier were not read off at subsequent meetings of the directors, or reported to the board by the examining committee of the bank, was properly admitted to disprove ratification of the transaction by the board.

2. SAME—HARMLESS ERROR.

The cashier was asked why he did not request his loan of a full board of directors, and answered, over objection, that it was the custom to discount nearly all paper before the board knew of it. *Held,* not prejudicial to defendant.

3. SAME.

It was competent, in order to establish a lack of ratification of the loan by the board, and the absence of negligence on its part, to show that, when the directors learned of the loan, they were at the same time given to understand by defendant that it was secured by collateral in his hands.

4. SAME—ESTOPPEL.

And if defendant in fact had no sufficient collateral, the action of the board in approving the loan in reliance on his representation was not such a ratification of the transaction as to estop the bank from holding him accountable for the resulting loss.

5. TRIAL—DAMAGES—HARMLESS ERROR.

Error in refusing to withdraw a certain item from the jury was harmless where the jury disallowed it.

Error to Bay.; Shepard, J.    Submitted February 1, 1901. Decided July 10, 1901.

Case by the Commercial Bank of Bay City against Clarence B. Chatfield, impleaded with Ira H. Wilder, for negligence in loaning plaintiff's funds.    From a judgment for plaintiff, defendant brings error.    Affirmed.

*John L. Stoddard*, for appellant.

*T. A. E. & J. C. Weadock*, for appellee.

MONTGOMERY, C. J. This case has once been considered by this court, and the law of the case declared. The declaration was deemed sufficient to warrant the submission of the question of defendant's negligence to the jury, and the question for trial was held to be whether the plaintiff had suffered a loss by reason of the failure of the defendant to observe such care as a careful and prudent man would observe in his own affairs of like importance. In determining this question it was held that it would be a sufficient defense if it appeared that the loss to the bank occurred because of a loan approved or ratified by the board of directors. *Commercial Bank of Bay City* v. *Chatfield*, 121 Mich. 641 (80 N. W. 712). We are only concerned with the question whether the case was, on the second trial, put before the jury on the lines indicated by our former decision, as that decision must be treated as the law of the case. A careful reading of the charge of the court convinces us that the learned circuit judge, in his instructions to the jury, very carefully followed the lines of our former opinion. It only remains to inquire whether error was committed in receiving or excluding testimony.

Defendant assigns error on rulings admitting testimony that the loans to Wilder were not read off at the meetings of the board held subsequently to the time that the several notes were issued. We think this entirely competent. The plaintiff assumed the burden of showing the loans were not approved or ratified by the board, and it was directly in line with this purpose to show that the board did not learn of the loans through their usual channels. For a like purpose it was competent to show that the paper was not reported to the board by the committee appointed to examine the paper of the bank.

Wilder, the cashier, to whom the loan in question was made, was a witness for plaintiff. He was also a defend-

ant. He was asked why he did not ask for the loan of a full board. This was objected to as incompetent and immaterial. Whether the question was material as it related to the issue between the bank and Chatfield is unimportant, as his reply that it was the custom to discount all paper, or nearly all, before the board knew anything about it, could not have damaged the defendant Chatfield.

We think it was also competent to show that the directors, when they did learn of the loan, relied upon the statement that the note was secured by collateral in the hands of the defendant Chatfield. It is claimed as to this and other testimony adduced by plaintiff to show the understanding of the directors, that it did not tend to prove negligence in the making of the loan. The testimony was competent to show that the board did not ratify the act of defendant, and that the loss did not occur by the subsequent negligence of the board of directors.

Without discussing in detail the numerous exceptions to testimony relied upon, we will add that all have had attention, and we discover no prejudicial error in any of these rulings.

The defendant's counsel contends that the $1,500 item—which was the amount of the first loan to Wilder—should have been withdrawn from the jury. The evidence shows that the renewal of this note was read in the meeting of December 31, 1895, and the testimony shows it was approved in the usual way. It is contended that this amounted to a ratification. This contention demonstrates the propriety of admitting proof of what the directors relied upon when they first learned of this loan. The note, on its face, purported to be secured by collateral in the hands of Mr. Chatfield. The directors, if they understood that this collateral was reasonable security, and relied upon defendant Chatfield's tacit representation that he had such security, cannot, if it be shown that he had no security of value, be held to have ratified his acts with such knowledge of the facts as estops the bank. The charge on this subject was as follows:

" 'The fact, if it be a fact, that any or all of these Wilder notes were read off at meetings of the board of directors with the statement that the collateral was with Chatfield, and that Chatfield sat by and said nothing, does not render him liable for the money taken by Wilder upon the notes.' That, I charge you, would be the law, if that was all there was of it; but if, in addition, you should find that Chatfield had no sufficient and valid security, or none whatever, in his hands, and then gave the board no information in regard to it, but allowed them to believe that he had collateral, which they had a right, from that statement made in the board, to believe to be suitable and proper collateral, then he may be liable in this action. In other words, that it is not reasonable for the president of the bank, when a statement is made to the board by the cashier that the collateral for a, loan is up in the hands of the president, and the president assented to such a statement that he held collateral for the loan, it would not be unreasonable for the members of the board to assume, from his experience as president of the bank, that he held in his possession suitable and sufficient collateral; that they might be justified in relying upon that statement to which he assented."

We think this a clear statement of the law, as applied to the facts of the case.

Complaint is made of the refusal of the court to strike out an item of $1,000. It clearly appears that the jury disallowed this item, and, if it was error to deny the defendant's motion to withdraw this item from the jury, it was error without prejudice.

Error is also assigned upon refusals to charge and upon the charge as given. As before stated, the circuit judge kept well within the lines of our former opinion, and we may add that we think the charge fully covered the defendant's requests in so far as they were proper to be given.

Judgment affirmed.

The other Justices concurred.