HOLSER *v.* SKAE.

1. AMENDMENT—JUSTICES OF THE PEACE—APPEAL FROM JUSTICE'S
   COURT—TRIAL—RECOUPMENT.
   A motion to amend defendant's bill of particulars of his recoupment, made at the trial of an appeal from justice's court, after due notice to plaintiff who made no claim of surprise, was properly granted, in the discretion of the court, under 3 Comp. Laws, § 10268.

2. SAME—EVIDENCE—PLEADINGS—BILL OF PARTICULARS.
   In allowing such amendment, the court did not pass on the competency of the several items of the amended bill of particulars.

3. APPEAL AND ERROR—RECOUPMENT—DIRECTING VERDICT.
   The refusal to direct a verdict for plaintiff as to certain items

of recoupment claimed by defendant was harmless error, where the jury disallowed the claim.

4. SET-OFF AND COUNTERCLAIM—RECOUPMENT—CONTRACTS—OPEN ACCOUNT.

In an action for various items of labor and materials furnished on open account, and including the installation of a heating plant, defendant was authorized to recoup his damages for failure to install the heating system in a proper manner, notwithstanding that other items claimed by plaintiff were included in a general claim, under his pleadings, for a balance due.

5. SAME.

Damages resulting from a breach of a contract may be recouped as of the date of the trial; defendant is not restricted to the time of commencing suit.

6. SAME.

The evidence as to the alleged breach of contract, being contradictory, raised an issue for the jury.

7. SAME—NEW TRIAL.

A new trial on the ground of newly discovered evidence was properly refused by the trial court who found that it was merely cumulative and would not be likely to change the result.

Error to Oakland; Smith, J. Submitted January 17, 1912. (Docket No. 88.) Decided March 29, 1912.

Assumpsit by Louis J. Holser against Edward A. Skae for work and materials furnished by plaintiff to defendant. Defendant gave notice of recoupment. Judgment for plaintiff for $81.79. Plaintiff brings error. Affirmed.

*Andrew L. Moore,* for appellant.

*Luman W. Goodenough,* for appellee.

STEERE, J. This action was begun in justice's court. Plaintiff declared orally on the common counts, especially for goods, wares, labor, and merchandise, filing a bill of particulars charging defendant with items aggre-

gating $5,152.47 and crediting him with payments which left a balance, including interest, of $352.87. One item of charge, which was for "plumbing and heating as per contract," amounted to $3,151.25. Defendant orally pleaded the general issue and gave notice of set-off and recoupment, especially for damages on account of the plumbing and heating contract, filing a bill of particulars under such notice, consisting of two concrete items, one for increased coal consumption due to plaintiff's failure to comply with the contract, amounting to $562.50, and one for cost of altering the heating system to conform with the contract, amounting to $150. A trial of the case in justice's court resulted in a judgment in plaintiff's favor for the sum of $338.82. The same was appealed by defendant to the circuit court, where a retrial by jury resulted in a verdict and judgment for plaintiff amounting to $81.79. Plaintiff made a motion for a new trial which was denied, after which he removed the case to this court, for review, by a writ of error.

At the commencement of trial in the circuit, the court, against plaintiff's objection "because of the competency of the items," permitted defendant to amend his bill of particulars by increasing the item for altering the heating system from $150 to $271.48, previous notice having been given of the proposed motion for leave to amend, with a further itemized statement of the charges comprising the total of $271.48. On allowing the amendment the court said:

"The plaintiff having announced himself, through his counsel, as ready for trial on calling the docket on the first day of term, with full knowledge that the motion has been made, would be pressed, I think he cannot be heard now to object to the amendment."

Error is assigned on this ruling of the court. Notice had been given of this motion to amend, and no surprise was claimed or objection made to the case proceeding to trial after the motion was granted. The amendment neither surprised plaintiff nor deprived him of any sub-

stantial right. The court, in allowing the amendment, did not pass upon the competency of the items. Plaintiff's right to object to their competency remained unimpaired. That question could be, and was, raised when proof of the items was offered on the trial, with the same force and effect as though they had originally been in defendant's bill of particulars. The ruling was within the discretionary power of the court, under the statute of amendments, section 10268, 3 Comp. Laws.

Error is assigned on the rulings of the court in admitting in the first instance, refusing to strike out, refusing to give plaintiff's requests in relation thereto, and leaving to the jury testimony offered by defendant in support. of his claim of recoupment relative to the excessive amount of coal alleged to have been consumed by the heating plant plaintiff installed. The total of plaintiff's claim was for a balance of $336.07 and interest amounting to $16.80. The only matter disputed and put in issue by defendant was the heating and plumbing contract

There were two distinct items of recoupment urged against plaintiff's balance by reason of failure to properly perform the contract. One was the cost of altering the heating system to conform with the specifications and make it operate as guaranteed, amounting to $271.48. This the jury allowed and deducted from plaintiff's full claim, rendering a verdict for the balance in his favor. The other item was for excessive coal used, amounting to $562.50, which they manifestly rejected and disallowed. In view of this result, the ruling of the court was harmless error. It was said in *Commercial Bank* v. *Chatfield*, 127 Mich. 407 (86 N. W. 1015):

"Complaint is made of the refusal of the court to strike out an item of $1,000. It clearly appears that the jury disallowed this item, and, if it was error to deny the defendant's motion to withdraw this item from the jury, it was error without prejudice."

The only question in the case decided adversely to the plaintiff was defendant's counterclaim of recoupment for

cost of repairing and altering the heating system to make it conform to the requirements of the contract and work successfully. In behalf of the plaintiff, it is claimed there could be no recoupment, for the reason that this action is to recover a balance due on an open account between the parties and not on a part of the contract; that payments were made and credited from time to time on such open account as a whole, and plaintiff now sues on such account to recover a general balance remaining unpaid. One item of plaintiff's bill of particulars going to make up his account is this contract for plumbing and heating. He must prove it in order to recover. Defendant's counterclaim is comprehended in, and connected with, and grows out of, said contract. It is a familiar rule that any damages may be recouped for which a cause of action growing out of the same transaction lies at the time of pleading. Plaintiff cannot defeat a right to recoup on a contract which he must prove in order to recover, by including other items with it in his declaration and making a general claim for balance due on the whole under an open account. Defendant's pleadings and proofs both limit the contention to the contract.

It is urged that defendant cannot enlarge his claim after action is begun, as he has done by his amended bill of particulars, based on repairs made subsequent to that time, and it is asked if—

"After payment is refused, and suit begun for recovery of the same, whether the defendant can then proceed to demolish the outfit, reinstall it, make his bill as large as he pleases, all of which is contracted after suit is begun for the original claim, and then come in and offset it against plaintiff's bill?"

The performance or breach of the contract must have occurred, and the right to recover for performance, or by recoupment for nonperformance, must have arisen before the action was begun; but the right to recoup does not depend on whether or not the repairs were made either before or after commencement of action. If work was

done after, then the actual and necessary cost to complete it would be evidence of damage resulting from its breach and nothing more. Damages by way of recoupment differ from damages by way of set-off in the particular that they are not required to be liquidated. Damages resulting from breach of a contract to a party sued upon it may be recouped and are not restricted to the time of commencing such suit, but to the time of the trial. *Martin v. Hill*, 42 Ala. 275.

Defendant claimed, and introduced testimony tending to show, that the heating system was improperly installed and the work not according to the contract; that plaintiff promised repeatedly to remedy the defects, and afterwards did some work to that end, but unsuccessfully; that, under plaintiff's repeated promises, defendant refrained from having others make the necessary alterations until this suit was brought, after which he employed competent men to do it; that, while the material in the system was sufficient and good, it was necessary to do much of the work of installation over again, and, after it had been done according to the specifications of plaintiff's contract, the plant worked successfully and economically. There was much testimony as to what the trouble was, it being claimed by defendant that the pipes had an improper slant and contained numerous pockets which prevented proper circulation; that the furnace was not put together right, the back grates being in front and front grates at the back, and a general inharmonious installation prevented successful operation. On the other hand, and in direct contradiction of this, it was the contention and testimony of the plaintiff that the system was, in the first instance, perfectly and properly installed by him according to specifications of his contract, that he tested it thoroughly and it operated successfully, and if it subsequently failed to do so it was owing to bad management and improper firing. These questions were square issues of fact properly left to the jury.

Error is alleged on the refusal of the court to grant a

new trial on the ground of newly discovered evidence. It was the opinion of the court that this evidence was, in its nature, cumulative, would not in his opinion change the result of the trial, and that the ends of justice did not require setting aside the judgment for that reason. We think his reasons given in relation thereto show that he did not abuse the discretion which he had in the matter.

Taking the record as a whole, we find no prejudicial error in the rulings of the court which require a new trial.

Judgment is affirmed.

Moore, C. J., and McAlvay, Brooke, Blair, Stone, and Ostrander, JJ., concurred.