KRUCE *v.* LAKESIDE BISCUIT CO.

ACTIONS—MULTIPLICITY OF SUITS.
  Where several claims are involved or due and payable under one and the same contract at the time of bringing suit, such claims must be sued on in one action, in order to avoid multiplicity of suits.

Error to Wayne; Des Voignes, J., presiding. Submitted October 3, 1917. (Docket No. 7.) Decided December 27, 1917.

Assumpsit in justice's court by Edwin J. Kruce against the Lakeside Biscuit Company for goods sold and delivered. From an order overruling a plea in abatement, defendant appealed to the circuit court by writ of certiorari. Judgment for plaintiff. Defendant brings error. Reversed.

*Angell, Bodman & Turner,* and *C. G. Dyer,* for appellant.

*Sidney S. Cole* (*Henry C. L. Forler,* of counsel), for appellee.

On March 31, 1914, plaintiff entered into a lease and agreement with defendant. By section 10 of said instrument it was agreed:

"The lessee (the Lakeside Biscuit Company) hereby agrees to purchase from the lessor on the execution of this lease all manufactured and unmanufactured goods now located on said premises and all cans and crates on said premises and in the possession of customers, as shown on the books of the lessor, in the manner following: Lessee shall pay for all manufactured goods the inventory price thereof, less 25 per cent., and for all unmanufactured goods the price shown by invoices, and for cans and crates their cost as shown by invoices."

Section 14 of said instrument provides:

"Cans and crates belonging to the lessor, as the same are returned by customers to the lessee, shall be credited upon the books of the lessee at their cost, and shall be paid for by the lessee to the lessor on or before the 5th day of each month for all cans and crates returned during the preceding month."

The agreement became effective April 1, 1914. During several months following cans and crates which were in the possession of former customers of the plaintiff were returned to the defendant, and on July 14, 1914, $1,000 was paid by defendant to plaintiff to apply on the amount then due for cans and crates so returned. A dispute having arisen between the parties as to the number of cans and crates returned and as to the amount paid therefor, no further payments were made. On March 16, 1915, eight months after the last payment, plaintiff instituted 11 separate suits in the justice's court for the city of Detroit, and filed bills of particulars therein in an amount totaling $5,-260.20. These suits were numbered in justice's court from 14506-14516, inclusive. The bills of particulars so filed did not indicate the dates on which the

198—Mich.—47.

cans and crates were returned, and the various items were divided between the several suits with no reference to the months in which the returns had been made. The defendant objected to the splitting up of the claim into 11 different suits in order to confer jurisdiction on the justice's court, and brought the matter to the attention of the court by a plea in abatement, pleading the pendency of suit No. 14506 in abatement of the other ten suits. Upon the argument of the plea the justice ruled that the cans and crates returned during one month should be included in one suit, but that plaintiff could bring a separate suit for the cans and crates returned in each of the several months, granting the right to plaintiff to file new bills of particulars upon that basis. Plaintiff then dismissed all but five of the suits which he had started, and in those five filed new bills of particulars as follows:

"No. 14516. A statement of the cans and crates returned during April, amounting to $739.60, against which he credited a sufficient amount of the $1,000 paid in July to balance the claim and dismissed that suit.

"No. 14515. A statement of cans and crates returned during May, amounting to $757.70, against which he credited the balance of the $1,000, $260.40, paid in July, leaving a balance due of $497.20.

"No. 14514. A statement of cans and crates returned during the month of June, amounting to $250.20.

"No. 14513. A statement of cans and crates returned during the month of July, amounting to $24.

"No. 14512. A statement of cans and crates returned during the month of August, amounting to $16."

Upon the filing of the amended bills of particulars, defendant renewed its plea in abatement, alleging the pendency of suit No. 14512 in abatement of the other four suits. This plea was overruled on July 29, 1915,

and judgment was rendered in case No. 14513 in favor
of the plaintiff and against the defendant in the sum
of $24 and $1.75 costs. Defendant thereupon removed
that suit by certiorari to the circuit court for the
county of Wayne upon the ground that the justice had
erred: (*a*) in overruling the defendant's motion to dis-
miss for want of jurisdiction of the court; (*b*) in over-
ruling the defendant's plea in abatement; (*c*) in ren-
dering judgment in favor of the plaintiff and against
the defendant in the sum of $24 damages and $1.75
costs.

At circuit the judgment of the justice's court was
affirmed. The case is now in this court upon writ of
error.

BROOKE, J. (*after stating the facts*). It may be
stated at the outset that the authorities upon the ques-
tion presented are not entirely harmonious. A review
of all of the law upon the question leads the writer in
volume 1, Corpus Juris, p. 1112, § 287, to enunciate
the rule as follows:

"The decided weight of authority is to the effect that,
if an action is not brought until more than one breach
of the same contract, or until more than one claim or
installment is due thereunder, all such breaches or
claims or installments constitute but one cause of ac-
tion, and must be included in one action, the theory
being that, while the different breaches or installments
give rise to separate causes of action as they occur or
become due, yet all which occur or become due before
action is brought are merged or consolidated into a
single cause of action; and in some cases it is stated
broadly that this rule applies to all claims or demands
arising out of the same contract, although based upon
separate and distinct covenants or stipulations thereof.
There has, however, been some conflict of authority in
regard to this rule, even in the decisions of the same
jurisdiction, and there are accordingly decisions to the
effect that separate demands, although they arise out
of the same contract or transaction and are due at the

time of the first action, need not be joined. Causes of action arising out of entirely separate and distinct contracts need not be joined, although they are of such a character that a joinder would be permissible, and causes of action arising after an action is instituted need not be added by amendment."

The cases cited support the text.

The question was before this court in the early case of *Dutton* v. *Shaw*, 35 Mich. 431. In that case Shaw had sold and delivered to Dutton several lots of staves, all at a price fixed by a contract, whereby Shaw was to deliver and Dutton to accept all the staves to be got out by Shaw in 1863. After all the staves had been delivered Shaw sued Dutton upon the contract, and the case went to judgment. During the trial Shaw failed to prove one item of 2,546 staves, and that item he withdrew. In the case considered by this court Shaw sued Dutton to recover the item thus withdrawn. This court said:

"This item, being within the former declaration, and being a part of the articles furnished under a single contract entirely executed, cannot, on any known principle, be distinguished from any other case in which a party has failed for lack of proof. It was not a distinct cause of action, and the former judgment was a final determination of the damages to which Shaw was entitled under the contract. The principle which prevents the splitting up of causes of action, and forbids double vexation for the same thing, is a rule of justice, and not to be classed among technicalities. It was intended to suppress serious grievances."

The question was again considered in the case of *Stickel* v. *Steel*, 41 Mich. 350 (1 N. W. 1046). There Stickel bought of Steel on the same day two bills of goods, the first bill with a credit of four months from September 15th following, and the second with a credit of four months from October 1st following. The court held that the two bills constituted distinct demands, and warranted the bringing of two separate actions.

In the case of *Milroy* v. *Mining Co.*, 43 Mich. 231 (5 N. W. 287), plaintiff and his minor son had worked for the defendant a period of six months, and had earned the sum of $676. Of this claim he had assigned to one Bigelow the sum of $100, which sum had been placed in judgment by Bigelow. The judgment not having been satisfied, Milroy sued in his own name for the entire sum of $676. The court held that the Bigelow judgment was a bar to the subsequent action, saying:

"There can be no question, either upon reason or authority, that a claim like the present cannot be split and cut up into separate causes of action to suit the convenience or whim of the plaintiff. If so, he could assign, after working six months, a month's wages to an individual or firm, and so of each and every month, and thus have six separate suits commenced, or he might commence six separate actions in his own name. The assignment, and the fact that the suit was commenced in the assignor's name for the use and benefit of the assignees, can in law make no difference. * * *

"To permit separate causes under such circumstances would be to subject the debtor to costs and expenses far in excess of the principal debt, besides the annoyance and injury which so many suits would necessarily be to him. This the law will not tolerate or permit. It gives the creditor a remedy against his debtor to enable him to collect his demand and the whole thereof, and it at the same time protects the debtor against needless and vexatious causes of action."

In *Reid, Murdoch & Co.* v. *Ferris*, 112 Mich. 693 (71 N. W. 484, 67 Am. St. Rep. 437), plaintiff had sold to defendant various bills of goods at different times and on different terms of credit. Some of the goods were replevined by plaintiff from defendant, and an action in trover was brought for the remainder. It was held that, where fraudulent purchases are made on different occasions, each constitutes a distinct and separate

fraud for which the seller is entitled to maintain a separate action.

In the case of *Phelps* v. *Abbott,* 116 Mich. 624 (74 N. W. 1010), it was held that a creditor might bring separate suits upon claims embraced in an open account subject to the penalty of loss of costs in subsequent suits where the whole of the claim upon such account is not included in one action, citing *Stickel* v. *Steel, supra,* and *Reid, Murdoch & Co.* v. *Ferris, supra.* See, also, *Jensen* v. *Gamble,* 191 Mich. 233 (157 N. W. 440).

We are of opinion that the facts in the case at bar bring it within the principle of the decisions in *Dutton* v. *Shaw, supra,* and *Milroy* v. *Mining Co., supra,* and that the cases of *Stickel* v. *Steel, supra,* and *Phelps* v. *Abbott, supra,* are distinguishable. In the case at bar the 11 suits were started as the result of successive breaches by the defendant of the *same* provision of a single contract. The alleged indebtedness of the defendant accrued from time to time under and by virtue of a single contract, and the entire demand was due at the time the 11 suits were brought. We conclude that, where several claims are involved, or due and payable under one and the same contract at the time of bringing suit, such claims must be brought in one action in order that the defendant may not be harassed by a multiplicity of suits.

The judgment is reversed, with costs, and a new trial granted.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred.