SPRAGUE & HENWOOD, Plaintiff,

v.

Roland JOHNSON, t/a Triple J Contractors, Defendant.

Civ. A. No. 84–0362–A.

United States District Court,
W.D. Virginia,
Abingdon Division.

April 26, 1985.

---

Matthew J. Cody, Jr., Lebanon, Va., for defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

This diversity action to enforce a debt is before the court on the defendant's motion for summary judgment. Jurisdiction is conferred by 28 U.S.C. § 1332.

The debt in question was an open account which the defendant owed the plaintiff. Various amounts were charged to the account between June 24, 1981 and September 25, 1981. The amount of the debt, $15,436.15, is not contested. The defendant debtor has raised as an affirmative defense the statute of limitations for an express or implied unwritten contract. Va. Code § 8.01–246, subd. 4. The three year statutory period would bar this action, which was filed on October 1, 1984.

The plaintiff urges that the various sales of goods to the defendant were made pursuant to a contract so that the Uniform Commercial Code—Sales (Article 2) applies. Va.Code Title 8.2. If so, the relevant statutory period is four years and would not bar this action. Va.Code § 8.2–725. Article 2 requires that a contract be evidenced by a writing signed by the party against whom enforcement is sought. Va.Code § 8.2–201. However, no writing is required where the goods have been received and accepted by the buyer. *Id.* at (3)(c).

A party opposing summary judgment must come forward with evidence to show that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). The plaintiff has produced a letter written on defendant's stationery, dated September 28, 1981 and signed by Shirley A. Johnson. The letter promises payments to the account "as soon as possible." The plaintiff's Exhibit A, attached to the complaint, shows that the defendant made a partial payment of $1,500.00 in September, 1984. The letter and this partial payment, in the absence of evidence to the contrary, indicate that the goods in question were received and accepted by the defendant. For this reason, the court need not address the sufficiency of the letter to satisfy the formal requirements of Article 2. *Id.* at (1).

The defendant contends that it is not a merchant within the meaning of Va. Code § 8.2–104(1), and, therefore, Article 2 does not apply. Article 2 applies to the sale of goods to a buyer. A buyer is a person who buys or contracts to buy goods; a buyer may or may not be a merchant. Va.Code § 8.2–103.

The plaintiff has produced sufficient evidence to show that Article 2 applies to its sale of goods to the defendant. Va. Code § 8.01–246 expressly provides that where § 8.2–725 is applicable, that section shall be controlling. For this reason, the plaintiff's action is not barred by the statute of limitations. The defendant's motion for summary judgment must be denied.